**Joann BRITT, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2001.

Decided Dec. 18, 2001.

Eileen D. Yacknin, Pittsburgh, for petitioner.

Jeffrey P. Schmoyer, Pittsburgh, for respondent.

Before COLINS and FRIEDMAN, Judges, and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Joann Britt (Britt) petitions for review of the September 6, 2000 order of the Department of Public Welfare (DPW) revoking Britt's certificate of registration to operate a family child day care home [1] (day care home). We dismiss Britt's petition for review as moot.

On September 29, 1998, DPW issued Britt a two-year certificate of registration permitting her to operate a day care home in her residence, where she cares for other people's children in addition to four children of her own. (Findings of Fact, Nos. 1, 2.) Britt's day care home came under scrutiny on September 7, 1999, when DPW received a complaint concerning a domestic dispute between Britt and her husband on September 2, 1999; the altercation had occurred at the residence while the children were present. On September 8, 1999, DPW made an unannounced inspection of the day care home and found several violations of 55 Pa.Code § 3290.18, a general health and safety regulation.[2]

---

1. A "family child day care home" is defined as "[a] home other than the child's own home, operated for profit or not-for-profit, in which child day care is provided at any one time to four, five or six children unrelated to the operator." 55 Pa.Code § 3290.4.

2. The specific violations consisted of the following: a verbal and physical altercation occurred on September 2, 1999 while day care children were on the premises, in violation of 55 Pa.Code §§ 3290.113(d) and 3290.18; the door to the basement was open and the basement floor was cluttered with clothing, in violation of 55 Pa.Code § 3290.74(a); an outlet lacked a protective cover, in violation of 55 Pa.Code § 3290.63; a bottle of nail polish, paint cans, laundry detergent, hydrogen peroxide, nail polish remover, Lysol cleaner and prescription medication were observed on open shelving in the bathroom and in areas accessible to children, in violation of 55 Pa.Code § 3290.64(a); cigarette butts and ashes were in an ash tray on the mantel in the living room, in violation of 55 Pa.Code § 3290.66(b); a window screen in the living room was torn, in violation of 55 Pa.Code § 3290.70(c); the railing on the front porch was splintering, in violation of 55 Pa.Code § 3290.74(a); the paint on the window frame in the bathroom was peeling, in violation of 55 Pa.Code § 3290.75(a); the bathroom win-

DPW notified Britt of the health and safety violations and requested that she submit a plan of correction.

Britt submitted a first plan of correction on September 27, 1999, but DPW rejected the plan two days later because it found various corrective propositions to be unacceptable. (O.R., Item No. 3, Exh. C–3.) Then, on October 30, 1999, Britt submitted a second plan of correction, which DPW approved on November 2, 1999. (O.R., Item No. 3, Exh. A–7.) Nevertheless, on December 16, 1999, DPW issued a preliminary decision to revoke Britt's registration certificate, based on the violations found during the inspection as well as on the September 2, 1999 incident. (Findings of Fact, No. 30; O.R., Item No. 3, Exh. C–3.) Britt appealed the revocation, (O.R., Item No. 2), and a hearing was held before the DPW Bureau of Hearings and Appeals (BHA).

Britt testified at the hearing on her own behalf about her attempts to deal with the troubled relationship with her husband in 1999, leading up to the September 2, 1999 altercation. The hearing officer accepted her testimony as credible, with the exception of Britt's statements denying the existence of any threat to the children within the residence and day care home. (Findings of Fact, No. 29.) The hearing officer found that Britt failed to regard the risk posed by her husband's behavior as serious until September 2, 1999. (Findings of Fact, No. 28.)

■ Following the hearing, the hearing officer issued a recommendation that Britt's appeal be denied, concluding that DPW acted properly in revoking her registration certificate. (Appendix at 2–3.) On September 6, 2000, the BHA Director issued an order adopting the recommendation of the hearing officer in its entirety. (Appendix at 1.) On September 22, 2000, Britt filed a Petition for Reconsideration of the September 6, 2000 order with DPW, which DPW denied.[3] (O.R., Item Nos. 5–6.) On October 6, 2000, Britt filed a petition for review with this court.[4]

■ Britt argues that: (1) her conduct on September 2, 1999, did not amount to gross incompetence, negligence or misconduct, or threaten the health and safety of the children to warrant the revocation; (2) because DPW approved her amended plan of correction, DPW abused its discretion in revoking her registration certificate before allowing her the opportunity to put the plan into effect and correct her noncompliance; and (3) DPW improperly based the revocation upon grounds not specified in the original revocation notice. We decline to address Britt's arguments because the issues are moot.

A registration certificate is valid for two years from the date of issue. 55 Pa.Code § 3290.11(g). Here, DPW issued Britt her registration certificate on September 29,

---

dow lacked a restriction to limit the opening to six or fewer inches, in violation of 55 Pa.Code § 3290.70(d); the front porch contained broken blinds with dangling cords, in violation of 55 Pa.Code § 3290.18; and the tank of the commode was missing a lid, in violation of 55 Pa.Code § 3290.102(a). (O.R., Item No. 3, Exh. C–3.)

3. On December 7, 2000, DPW issued a final order indicating that the Petition for Reconsideration was deemed denied because it was

not acted upon by DPW within thirty days of its receipt. (O.R., Item No. 6.)

4. Our scope of review of a final order of DPW is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Oriolo v. Department of Public Welfare*, 705 A.2d 519 (Pa. Cmwlth.1998).

1998, thereby enabling Britt to operate the day care home until September 29, 2000. (*See* N.T. at 190–91.) A licensing program administrator for DPW testified that Britt was allowed to continue to operate the day care home during her appeal of DPW's preliminary decision to revoke her registration certificate. (N.T. at 299.) In fact, Britt could have kept the day care home open until a final administrative decision was reached. (N.T. at 299.)

▇▇▇▇ Clearly then, Britt was allowed to operate her day care home for nearly the entire time the registration certificate was valid. Even if she had not continued to operate, it is obvious that, at this point in time, the two-year registration certificate would have long expired. Because this court cannot give Britt additional time to operate, a reversal of DPW's revocation of Britt's certificate of registration would have no effect. Further, the issues in this case are fact-specific, and it is unlikely that they will be repeated.[5]

Accordingly, we dismiss Britt's petition for review as moot.

### ORDER

AND NOW, this 18th day of December, 2001, the petition for review filed by Joann Britt in the above-captioned matter is dismissed as moot.

---

**5.** The courts will not enter judgments or decrees to which no effect can be given. *St. Clair Memorial Hospital v. Department of Health,* 691 A.2d 1040 (Pa.Cmwlth.1997). The court will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process. *Horsehead Resource Development Company, Inc. v. Department of Environmental Protection,* 780 A.2d 856 (Pa.Cmwlth. 2001). Exceptions have been made where conduct complained of is capable of repetition yet likely to evade judicial review, where the case involves issues of great public importance or where one party will suffer a detriment without the court's decision. *Id.*