# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reyna Barrot, : 
                Petitioner :
                :
        v. : No. 334 C.D. 2017
             : Submitted: October 13, 2017
Department of Human Services, :
               Respondent :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  June 13, 2018**


Reyna Barrot (Petitioner) petitions for review of an order of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), dated February 22, 2017,[1] which affirmed a notice of revocation by the

---

[1] To initiate this appeal, Petitioner filed a *pro se* letter with the Court on March 3, 2017. Petitioner subsequently perfected her appeal by filing an ancillary petition for review on March 20, 2017. In the ancillary petition for review, Petitioner appears to appeal an "order" of the Department, dated August 26, 2016. As a result, by order dated April 3, 2017, the Court entered an order directing the parties to address in their principal briefs on the merits whether Petitioner filed a timely appeal with this Court. Neither party addressed that issue. Instead, the parties addressed the merits of Petitioner's appeal of BHA's order dated *February 22, 2017*, wherein BHA addressed Petitioner's appeals of an emergency removal order of the Department, dated August 23, 2016, and a notice of revocation by the Department, dated August 26, 2016. The parties appear to agree, and so does this Court, that Petitioner sought to appeal BHA's order, dated February 22, 2017, which affirmed the earlier actions of the Department. Having received no

Department and dismissed as moot Petitioner's appeal of an emergency removal order also issued by the Department. We now affirm.

Petitioner was the owner of a licensed family child care home located in Allentown, Pennsylvania. On August 23, 2016, the Department, through its Office of Child Development and Early Learning, issued an emergency removal order, removing all children from Petitioner's facility. The Department issued the emergency removal order as a result of various allegedly unsafe and unsanitary conditions observed by a caseworker during four visits to the home in August 2016.[2] The emergency removal order also informed Petitioner that she had 30 days to appeal the order, stating that any appeal must be received no later than September 22, 2016. Petitioner filed her appeal on August 26, 2016.

On that same date—August 26, 2016—the Department mailed to Petitioner a notice informing her of its decision to revoke Petitioner's certificate of compliance to operate a family child care home. The notice of revocation informed Petitioner of her right to appeal the revocation decision and that any appeal must be received by the Department within 30 days of the mailing date of the notice of revocation to be considered timely. The Department received Petitioner's appeal of the notice of revocation on November 21, 2016.

---

objection based upon timeliness and consistent with the parties' briefs, this Court will review BHA's order. Moreover, the Court concludes that Petitioner's appeal is timely as to BHA's order.

[2] 55 Pa. Code § 20.37, pertaining to emergency removal of residents, provides:

If the Department finds evidence of gross incompetence, negligence, misconduct in operating the facility or agency, or mistreatment or abuse of clients, likely to constitute an immediate and serious danger to the life or health of the clients, the Department will take immediate action to remove the clients from the facility or agency.

BHA conducted a telephone hearing on January 12, 2017, to determine whether Petitioner timely filed her appeal of the notice of revocation and, if not, whether Petitioner is entitled to appeal *nunc pro tunc*. BHA also considered whether Petitioner's appeal of the emergency removal order would be moot in the event that Petitioner failed to appeal the notice of revocation in a timely manner.

On February 10, 2017, BHA issued a final administrative action order, in which it: (1) dismissed Petitioner's appeal of the notice of revocation as untimely filed; (2) determined that Petitioner failed to establish sufficient grounds for an appeal *nunc pro tunc*; and (3) dismissed as moot Petitioner's appeal of the emergency removal order. With regard to the timeliness issue, BHA found that Petitioner received the notice of revocation, but that the Department did not receive Petitioner's appeal of the notice of revocation until November 21, 2016. With regard to whether sufficient grounds exist to allow the appeal to proceed *nunc pro tunc*, BHA wrote:

> In addition, [Petitioner] also testified that she did not know that she had to file an appeal of each packet sent by the Department. The August 26, 2016 notice clearly advised [Petitioner] of the right to file an appeal of the [Department's] decision. Also, there is no testimony or evidence in the record to demonstrate that [Petitioner] was informed by the [Department] that her initial appeal of the August 23, 2016 [emergency removal order] was sufficient to serve as an appeal of the [Department's] August 26, 2016 notice of revocation. Thus, it appears [Petitioner] was relying upon her initial appeal of the [emergency removal order] to serve as her appeal of the [Department's] notice of [its] decision to revoke her license, and therefore, I do not find the delay was caused by fraud on the part of administrative authorities or by non-negligent circumstances of [Petitioner]. As such, I do not find that [Petitioner] has shown sufficient grounds exist to allow the appeal to proceed *nunc pro tunc* in this case, and [Petitioner's] appeal of the Department's

3

decision to revoke her certificate of compliance should be dismissed.

(Adjudication at 6.) Finally, as to the dismissal of Petitioner's appeal of the emergency removal order as moot, BHA reasoned that, because of the untimely appeal of the revocation order, Petitioner no longer possessed a valid certificate of compliance to operate a child care facility.[3]

Petitioner petitions this Court for review,[4] essentially arguing the merits of the case, asserting that the Department did not have a sufficient basis to issue the emergency removal order and notice of revocation. Petitioner does not address the timeliness of her appeal of the notice of revocation in her brief, and the Department, applying the reasoning of BHA, contends that her failure to file a timely appeal of the August 26, 2016 notice of revocation precludes consideration of the underlying merits of the actions taken by Department. The Department included a counter-statement of issues in its brief, wherein it frames the issues as: (1) whether BHA erred in concluding that Petitioner's appeal was untimely; (2) whether BHA erred in concluding that Petitioner failed to establish grounds for an appeal *nunc pro tunc*; and (3) whether BHA correctly determined that Petitioner's appeal of the emergency removal order was moot because Petitioner no longer possessed a valid certificate of compliance to operate a family child care home, the lack of which precluded BHA from granting Petitioner meaningful relief in the appeal of the emergency removal order.

___

[3] Petitioner sought reconsideration, which the Secretary of the Department denied by order dated March 21, 2017.

[4] Our scope of review in an appeal of an adjudication of the Department is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Lil Shining Stars, Inc. v. Dep't of Human Servs.*, 140 A.3d 83, 92 n.5 (Pa. Cmwlth. 2016).

As we explained in *J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998):

> It is well established that the failure to timely appeal an administrative agency's action is a jurisdictional defect. The time for taking an appeal therefore cannot be extended as a matter of grace or mere indulgence. An appeal *nunc pro tunc* may be allowed, only where delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, his counsel or a third party. One seeking permission to file an appeal *nunc pro tunc* has the burden of establishing that (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) appellee is not prejudiced by the delay.

(Internal citations omitted.)

Here, it is clear from the record that Petitioner timely appealed the Department's emergency removal order, because the Department issued the order on August 23, 2016, and Petitioner filed her appeal within 30 days on August 26, 2016.[5] It is also clear from the record that Petitioner did not timely appeal the revocation notice, because the Department mailed the notice on August 26, 2016, and Petitioner did not file an appeal until November 21, 2016, which was well after the expiration of the 30-day appeal period.[6] Although we agree with BHA and the Department that Petitioner's misunderstanding regarding the corresponding appeal requirements does not excuse her untimeliness in this case

---

[5] Pursuant to 55 Pa. Code §§ 20.82(b) and 3280.12(b), Petitioner may appeal the emergency revocation notice within 30 days after service of notice of the action.

[6] Pursuant to 55 Pa. Code § 3270.12, Petitioner may appeal the decision to revoke her certificate of compliance within 30 days after service of notice of the action.

5

because such a misunderstanding is not a basis for an appeal *nunc pro tunc*, we also conclude that Petitioner has waived the issue by failing to raise it in her brief.[7]

As to whether BHA correctly determined that Petitioner's appeal of the emergency removal order was moot, Petitioner again waived this issue by not raising it in her brief. Even if Petitioner had preserved this issue for appeal, however, the outcome would remain the same. "Under the mootness doctrine a case may be dismissed for mootness at any time by a court, because[,] generally, an actual case or controversy must exist at all stages of the judicial or administrative process." *Pa. Liquor Control Bd. v. Dentici*, 542 A.2d 229, 230 (Pa. Cmwlth. 1988). Thus, a "court will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process." *Britt v. Dep't of Pub. Welfare*, 787 A.2d 457, 460 n.5 (Pa. Cmwlth. 2001). Moreover, "courts will not enter judgments or decrees to which no effect can be given." *Id.* Here, Petitioner failed

---

[7] With regard to our conclusion that Petitioner waived any challenge to BHA's dismissal of her appeal of the notice of revocation as untimely, the Department alludes to this circumstance in its brief. The Department notes that Petitioner does not raise, in her petition for review or brief to this Court, the issue of whether BHA erred in dismissing her appeal of the notice of revocation as untimely, with the exception of a reference in her *pro se* letter to this Court, which Petitioner filed to initiate the subject appeal. In her *pro se* letter, Petitioner writes: "Your statement is not valid because I sent my appeal the same week my [f]amily [d]ay [c]are was closed. I do not understand on what ground that you testify that I did not send in my appeal in a timely matter." (*Pro se* letter, filed March 3, 2017.) The Department generously characterizes Petitioner's statement as a contention that she misunderstood the need to file separate appeals of the emergency removal order and notice of revocation. Nevertheless, rather than assert waiver, the Department argues that BHA properly concluded that Petitioner failed to timely appeal the notice of revocation and lacked grounds for an appeal *nunc pro tunc*. Regardless, Petitioner's failure to address the issue of the timeliness of her appeal of the notice of revocation in her brief to this Court results in a waiver of that issue. *See Van Duser v. Unemployment Comp. Bd. of Review*, 642 A.2d 544, 548 n.3 (Pa. Cmwlth. 1994) ("Issues not briefed are waived."). Because Petitioner waived the issue of whether BHA erred in dismissing as untimely her appeal of the notice of revocation, we are unable to consider her merits argument—*i.e.*, that the Department lacked a sufficient basis to issue the notice of revocation.

6

to timely appeal the Department's notice of revocation and no longer possessed a valid certificate of compliance to operate a family child care home at the time BHA considered her appeal. We agree with BHA and the Department that, because Petitioner no longer possessed a valid certificate, BHA could not grant Petitioner meaningful relief in the appeal of the emergency removal order.

Accordingly, the order of BHA is affirmed.

 

P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Reyna Barrot,                                     :
                     Petitioner          :
                                    :
        v.                                     :    No. 334 C.D. 2017
                                    :
Department of Human Services,        :
                   Respondent        :

## **O R D E R**

AND NOW, this 13th day of June, 2018, the order of the Department of Human Services, Bureau of Hearings and Appeals, dated February 22, 2017, is hereby AFFIRMED.

P. KEVIN BROBSON, Judge