IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Rhines,                           :
              Petitioner      :
                               :
        v.                  :
                               :
Pennsylvania Parole Board,              :   No. 361 C.D. 2020
              Respondent      :   Submitted:  April 30, 2021


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED:  June 9, 2021

      Gary Rhines (Rhines) petitions this Court for review of the Pennsylvania Parole Board's (Board) March 16, 2020 order denying his request for administrative relief.  There are three issues before this Court: (1) whether Rhines' instant appeal is moot because he completed his sentence on October 22, 2020; (2) whether Rhines' brief was untimely filed; and (3) whether the Board miscalculated Rhines' maximum sentence release date.

      Rhines has an incarceration, parole, and recommitment history dating back to 1994.  *See* Rhines' Amended Br. at 5.  Relevant to this appeal, on February 18, 1997, Rhines was sentenced to 2 years and 2 months to 4 years and 4 months of imprisonment in a state correctional institution (SCI) on drug charges (Original Sentence).  *See* Certified Record (C.R.) at 1.  At that time, Rhines' maximum sentence release date was October 4, 2002.  *See* C.R. at 1, 17, 19, 112.  The Board paroled Rhines from his Original Sentence on April 29, 2001 to an approved residence in Reading and then, subsequently, to Philadelphia.  *See* C.R. at 3-7, 16.

At that time, Rhines had 523 days (i.e., 1 year, 5 months and 5 days) remaining to be served on his Original Sentence. *See* C.R. at 112. As a condition of his parole, Rhines signed, and therefore agreed to, Conditions of Parole/Reparole (Parole Conditions). Rhines did not object to the following Parole Conditions:

> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 8. Rhines also agreed to abstain from unlawfully possessing and/or using controlled substances and to submit to random, mandatory urinalysis. *See* C.R. at 8-9.

On August 21, 2001, Rhines' urine tested positive for marijuana. *See* C.R. at 16. On August 23, 2001, the Williamsport Bureau of Police arrested Rhines based on new drug violations and flight to avoid apprehension (New State Charges), and placed him in Lycoming County Prison. *See* C.R. at 11-16. On that same day, the Board issued a 48-hour detainer for violating his Parole Conditions. *See* C.R. at 9. On August 24, 2001, the Board issued a warrant to commit and detain Rhines pending the disposition of his New State Charges. *See* C.R. at 10, 21. Rhines did not post bail on his New State Charges. *See* C.R. at 18.

On September 11, 2001, the Board issued a Notice of Charges and scheduled a hearing relative to Rhines' technical and convicted parole violations. *See* C.R. at 16-21. On September 27, 2001, a federal grand jury indicted Rhines relative to his August 23, 2001 arrest (New Federal Charges). *See* C.R. at 22-26.

2

There is no record evidence that Rhines posted bail on the New Federal Charges. On September 28, 2001, federal authorities served a warrant and arrested Rhines at the Lycoming County Prison, where he was being detained as a technical parole violator (TPV) and on the New State Charges. *See* C.R. at 37, 52, 57. On October 17, 2001, the Board voted to detain Rhines pending disposition of his New Federal Charges. *See* C.R. at 29. On November 16, 2001, the Board referred to its October 17, 2001 action and recommitted Rhines to serve 12 months of backtime as a TPV, when he became available. *See* C.R. at 30-35.

On December 18, 2001, the Lycoming County Common Pleas Court *nolle prossed* Rhines' New State Charges. *See* C.R. at 36. On January 4, 2002, the Board received official verification of Rhines' New Federal Charges. *See* C.R. at 37. On January 11, 2002, the Board received official notification that Rhines' New State Charges had been *nolle prossed*. *See* C.R. at 18, 37.

On April 22, 2002, a jury convicted Rhines of the New Federal Charges.[1] *See* C.R. at 38-40. On May 14, 2002, the Board issued a Notice of Charges and scheduled a revocation hearing. *See* C.R. at 41-45. Following the revocation hearing, by decision recorded June 25, 2002 (mailed June 27, 2002), the Board referred to its November 16, 2001 decision recommitting Rhines for 12 months as a TPV when available, and further recommitted him to serve 18 months, concurrently, as a convicted parole violator (CPV) "FOR A TOTAL OF 18 MONTHS OR [HIS] UNEXPIRED TERM, WHICHEVER IS LESS." C.R. at 62; *see also* C.R. at 46-63.

By May 23, 2003 letter, Rhines asked the Board whether he completed his Original Sentence, since his maximum sentence date was October 4, 2002, and whether he had any outstanding detainers or fines. *See* C.R. at 64. On September 4, 2003, the Board responded that the phrase "when available" used in the Board's

---

[1] Rhines appealed from his federal conviction. *See* C.R. at 54, 58.

3

June 25, 2002 decision indicated that he was serving his Federal Sentence and, when he is released therefrom, he will be available to the Board to begin serving the unexpired portion of his Original Sentence. *See* C.R. at 65. By October 27, 2003 letter to the Board, Rhines' counsel also referenced Rhines' October 4, 2002 maximum sentence date and asked whether Rhines had satisfied whatever time he owed on his Original Sentence. *See* C.R. at 66.

On November 19, 2003, the Board responded, explaining:

> [D]ue to [his] [f]ederal arrest and conviction, which occurred prior to the expiration of [Rhines'] [O]riginal [Sentence] maximum [release] date on 10-4-[20]02, he has not satisfied his [Original Sentence]. He has been recommitted as a CPV/TPV to serve 18 months or [his] unexpired term when available. [The Board's] detainer will remain on him until he is paroled on his federal sentence and made available to [the Board]. He will then return to a[n] [SCI,] at which time his new [Original Sentence] maximum [release] date will be calculated.

C.R. at 67.

On July 1, 2004, Rhines was sentenced to life in prison (Federal Sentence). *See* C.R. at 42, 68-74. Despite his life sentence, on September 9, 2004, the Board agreed to continue Rhines' *recommit when available* status and, on September 13, 2004, issued a warrant for Rhines' arrest. *See* C.R. at 75-79.

By December 29, 2008 letter, Rhines requested that the Board grant him parole as of 18 months after the Board's June 25, 2002 action and render his Original Sentence complete. *See* C.R. at 80-81. On March 12, 2009, the Board explained that he must be paroled from his Federal Sentence before he would be available to serve his 18 months of backtime on his Original Sentence. *See* C.R. at 82.

On July 24, 2019, the United States District Court for the Middle District of Pennsylvania modified Rhines' Federal Sentence to time served, plus 8

4

years of supervised release, and returned him to the Board's custody. *See* C.R. at 83-89, 111-112, 180. According to Rhines' Federal Bureau of Prisons Summary Reentry Plan, Rhines was credited with the 1,043 days he spent in pre-sentence confinement from August 23, 2001 to July 1, 2004. *See* C.R. at 180.

By decision recorded July 29, 2019 (delivered to Rhines on July 30, 2019), the Board referred to its June 25, 2002 recommitment decision and recommitted Rhines as a TPV/CPV to serve the 523 days remaining to be served on his Original Sentence. *See* C.R. at 112-114. The Board recalculated Rhines' maximum release date to December 28, 2020. *See* C.R. at 114.

By decision recorded and delivered to Rhines on July 30, 2019, the Board modified its July 29, 2019 action based on information that his unexpired Original Sentence, at that point, was only 456 days (taking into consideration his 67 days of pre-sentence confinement from August 23, 2001 to October 29, 2001), and the Board recalculated Rhines' Original Sentence maximum release date to October 22, 2020. *See* C.R. at 115-118.

On August 9, 2019, the Board received Rhines' request for administrative relief, wherein he claimed the Board miscalculated his time served and, thus, illegally held him past his maximum release date. *See* C.R. at 154-157; *see also* Rhines' Amended Br. at 4, 8. Rhines made subsequent requests to the Board on August 15, September 9 (Administrative Remedies Form challenging the Board's June 25, 2002 decision), and November 6, 2019, and February 26, 2020. *See* C.R. at 158-198.

On March 16, 2020, the Board denied Rhines' August 9, 2019 request for administrative relief,[2] explaining:

---

[2] The Board did not take action on Rhines' subsequent requests, as they were second or subsequent relief requests. *See* C.R. at 199.

The Board paroled [Rhines] from a[n] [SCI] on April 29, 2001[,] with a max[imum] date of October 4, 2002[,] leaving [him] with 423 [sic] days remaining on [his] [Original S]entence the day [he was] released. The Board's decision to recommit [him] as a [CPV] authorized the recalculation of [his] max[imum] date to reflect that [he] received no credit for the time spent at liberty on parole. [*See* Section 6138(a)(2) of the Prisons and Parole Code (Parole Code),] 61 Pa. C.S. § 6138(a)(2). [Rhines was] denied credit for the time spent at liberty on parole in this case, thus, [he] owed 523 days as a [CPV].

The record shows that[,] on August 23, 2001, [Rhines was] arrested on a [B]oard detainer for technical [parole] violations. On October 29, 2001, [he was] arraigned by federal authorities for new criminal charges and there is no indication that [he] postded [sic] bail, nor do[es] [he] make any claims to that effect. On November 16, 2001, the Board recorded a decision to recommit [him] as a [TPV] to serve 12 months, when available; [he] remained [in] federal custody. On April 22, 2002, [Rhines was] convicted in a United States District Court and a revocation hearing followed on June 3, 2002. The Board voted to recommit [him] as a [CPV] by decision mailed July 27, 2002 (recorded 06/25/2002). On July 1, 2004, [he was] sentenced to serve [l]ife in a federal correctional facility. On July 24, 2019, [he was] re-sentenced to time served and eight (8) years supervised release[], and [he was] returned to Pennsylvania custody on that date. Based on the above facts, [Rhines was] entitled to 67 days of pre-sentence credit from August 23, 2001 to October 29, 2001. [*See*] *Gaito v. Pa. B[d.] of Prob[.]* [&] *Parole*, 419 A.2d 568 (Pa. 1980). Subtracting 67 days from 523 days [left him] with 456 days remaining on [his] [O]riginal [S]entence.

At the time of the Board's decision to recommit [Rhines] as a [TPV] and as a [CPV], the [Parole Code] provided that a [CPV] who was released from a[n] [SCI] and received a new sentenced [sic] to be served in a federal correctional institution must serve the new sentence first. [Rhines] therefore became available to commence service of [his] [O]riginal [S]entence on July 24, 2019, the day [he] completed [his] federal sentence. Adding 456 days to

6

> that availability date yields a recalculated max[imum] date of October 22, 2020.

C.R. at 199-200. Rhines appealed to this Court.[3]

On October 22, 2020, Rhines completed his Original Sentence and was released from custody.[4] *See* Bd. Suggestion of Mootness Ex. A. On October 29, 2020, the Board filed an application for relief in the nature of a Suggestion of Mootness seeking to dismiss the instant appeal because Rhines has been released from custody and this Court is unable to provide him his requested relief. On November 30, 2020, Rhines opposed the Suggestion of Mootness, claiming that, if the Board miscalculated his release date, he served an extra year in custody, and he would be entitled to damages for wrongful detention. On December 4, 2020, this Court ordered that the Board's Suggestion of Mootness be decided with the merits of Rhines' appeal.

Preliminarily, this Court will address the Board's argument that Rhines' appeal should be dismissed as moot because he has fully served his Original Sentence and has been released from prison. *See* Board's Suggestion of Mootness. Rhines responds that this Court may nevertheless decide this appeal, even if moot, because there are concrete collateral consequences. *See* Rhines' Response to Suggestion of Mootness.

---

[3] This Court's review of a Board decision denying administrative relief "is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings were supported by substantial evidence." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1210 n.4 (Pa. Cmwlth. 2019).

Rhines requested counsel and filed a request to proceed *in forma pauperis*. On May 4, 2020, this Court granted Rhines' *in forma pauperis* application and ordered the Northumberland County Public Defender (Public Defender) to enter his appearance on Rhines' behalf within 30 days. On June 9, 2020, this Court issued its briefing schedule. On or about September 1, 2020, because the Public Defender had yet to enter his appearance, Rhines notified the Court that he obtained private counsel and requested an extension to file his brief. On October 5, 2020, this Court vacated its May 4, 2020 order to the extent it appointed the Public Defender and granted Rhines an extension to file his brief.

[4] On October 23, 2020, Rhines notified the Court of his new address.

7

Generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Ord*[.] *of Police v. City of Phila*[.], 789 A.2d 858 (Pa. Cmwlth. 2002). The existence of a case or controversy requires

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

> *Dow Chem*[.] *Co*[.] *v. U*[.]*S*[.] *Env*[*'t*] *Prot*[.] *Agency*, 605 F.2d 673, 678 (3[]d Cir. 1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Cont*[*'l*] *Bank Corp.*, 494 U.S. 472, 477-478 . . . (1990) (quotation [marks] omitted). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Dep*[*'t*] *of Pub*[.] *Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001). An exception to mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Res*[.] *Dev*[.] *Co*[.]*, Inc. v. Dep*[*'t*] *of Env*[*'t*] *Prot*[.], 780 A.2d 856 (Pa. Cmwlth. 2001).

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119-20 (Pa. Cmwlth. 2004).

Moreover, it is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot. *See Jackson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 170 C.D. 2020, filed November 19, 2020);[5] *see also Smith v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 10 C.D. 2020, filed

---

[5] This Court acknowledges that its memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites to the unreported cases herein for their persuasive value.

8

July 16, 2020); *Mistich*; *Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671 (Pa. Cmwlth. 2000).

> Here, the recalculated maximum sentence date on [Rhines'] [O]riginal [S]entence was [October 22], 2020, and that date has lapsed. An order by this Court granting [Rhines] relief from his maximum sentence date that has lapsed will not have any meaning[,] as [Rhines] has already served his unexpired term.
>
> The certified record indicates that [Rhines] was paroled from his [O]riginal [S]entence on [April 29, 2001], and he was convicted of a new offense resulting in [the Federal Sentence, which he served, and he was returned to the Board to complete his Original Sentence, which he did] . . . . There is no evidence in the certified record to show that [Rhines] committed any additional crimes or had new criminal charges brought against him that could extend his maximum sentence date on his [O]riginal [S]entence. To the contrary, it appears [Rhines] is no longer under the custody and control of the Commonwealth.[6]
>
> Though the issue raised by [Rhines] relating to the Board's calculation of his maximum sentence date is capable of repetition, it is not an issue that is likely to escape review in the future, as shown through numerous other appeals from Board decisions which this Court has substantively addressed over the years. *See, e.g.*, *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017); *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019). Nor will [Rhines] suffer without our assistance because, as we have already noted, he has finished serving the sentence that gave rise to the challenged maximum sentence date and we cannot grant the requested relief.

*Jackson*, slip op. at 7-8 (internal record citations and footnotes omitted). Accordingly, this Court grants the Board's Suggestion of Mootness.[7]

---

[6] *See Inmate Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov (last visited June 8, 2021).

[7] Based on the Court's disposition, it need not address whether Rhines timely filed his amended brief, or whether the Board correctly credited his sentences.

Based on the foregoing, the Board's Suggestion of Mootness is granted, and Rhines' appeal is dismissed as moot.

_____
ANNE E. COVEY, Judge

---

However, even if this appeal was not moot, this Court would affirm the Board's decision. First, although this Court ordered Rhines to file his amended brief by January 26, 2021, and it was not filed until March 4, 2021, Rhines' counsel declared, and this Court accepts, that "[Rhines' amended] brief was not filed in a timely manner through no fault of his own, but rather as a result of [his retained] attorney retiring." Rhines' Response to Suggestion of Mootness ¶ 3.

Second, although Section 6138(a)(5.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(5.1), specifies that Rhines was to complete his Original Sentence before serving his Federal Sentence, this Court is not aware of any legal authority under which the Board could have retrieved Rhines from federal custody in order to conduct his revocation hearing and serve his state sentence pursuant to Section 6138(a)(5.1) of the Parole Code. *See Foster v. Pa. Parole Bd.* (Pa. Cmwlth. No. 1022 C.D. 2020, filed May 25, 2021); *see also Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667 (Pa. Cmwlth. 2018); *Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040 (Pa. Cmwlth. 2018); *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021 (Pa. Cmwlth. 2017). Here, the Board repeatedly explained to Rhines:

> The Board issued its [August 23, 2001] warrant to commit and detain [Rhines], which could not occur until his return from federal custody. Federal authorities did not return [Rhines] to the Board's custody until after he [was released from federal custody o]n [July 24, 2019]. Therefore, he was unavailable to the Board until [July 24, 2019]. Thereafter, the Board promptly recommitted him to serve his state sentence.

*Stroud*, 196 A.3d at 673-74 (footnote omitted). Adding the 456 days Rhines had remaining on his Original Sentence as of July 24, 2019, the Board properly recalculated his new maximum release date as October 22, 2020. Accordingly, Rhines' argument that the Board miscalculated his time served and, thus, illegally held him past his maximum release date lacks merit.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gary Rhines,                           :
                Petitioner        :
                              :
          v.                      :
                              :
Pennsylvania Parole Board,             :    No. 361 C.D. 2020
                Respondent        :

## O R D E R

AND NOW, this 9th day of June, 2021, the Pennsylvania Parole Board's application for relief in the nature of a Suggestion of Mootness is GRANTED, and Gary Rhines' appeal is DISMISSED as moot.

_____
ANNE E. COVEY, Judge