IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Smith,             :
          Petitioner        :
                             :
       v.                     :
                             :
Pennsylvania Parole Board,     :    No. 130 C.D. 2025
          Respondent      :    Submitted: October 7, 2025

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: December 17, 2025

Eric Smith (Smith) petitions this Court for review of the Pennsylvania Parole Board's (Board) December 31, 2024 decision affirming the Board's decision recorded on August 5, 2024 (mailed August 6, 2024). Schuylkill County Assistant Public Defender, Kent D. Watkins, Esquire (Counsel), has filed an Application to Withdraw as Counsel (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter),[1] in support

---

[1] This Court has explained the use of a no-merit letter as follows:

> Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com*[*monwealth*] *v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).
>
> > Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter,"

thereof. After review, this Court grants Counsel's Application and dismisses Smith's Petition for Review as moot.

On January 14, 2015, the Lehigh County Common Pleas Court sentenced Smith to an aggregate term of 1 to 9 years of incarceration for the charges of corruption of minors, unauthorized use of an automobile, and resisting arrest (Original Sentence). *See* Certified Record (C.R.) at 1. His Original Sentence maximum release date was March 23, 2023. *See id*. Relevant here, the Board reparoled Smith on September 10, 2021. *See* C.R. at 34. His Original Sentence maximum release date at that time was May 18, 2023. *See* C.R. at 30.

On October 21, 2021, the Board declared Smith delinquent effective October 18, 2021. *See* C.R. at 53. On November 9, 2021, the Board issued a warrant to commit and detain Smith. *See* C.R. at 54. Also, on November 9, 2021, the Bensalem Police Department arrested Smith for technical parole violations. *See* C.R at 56. On November 19, 2021, the Board held a hearing on Smith's technical parole violations. *See* C.R. at 68. On December 2, 2021, the Board voted to recommit Smith as a technical parole violator for no longer than 12 months and reparole after a minimum of 9 months if there are no misconducts and prescribed programming has been completed.[2] *See* C.R. at 82. On December 3, 2021, the Board recalculated Smith's Original Sentence maximum release date to June 9, 2023. *See* C.R. at 83.

---

referring to the [Pennsylvania] Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("Turner letter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("Turner/Finley letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).

[2] It appears Smith was reparoled on or after September 2, 2022. The Board's parole action does not appear in the Certified Record.

2

On February 7, 2022, the Bensalem Police Department arrested Smith for possessing a firearm without a license, giving false identification, and driving with a suspended license. *See* C.R. at 101. On November 14, 2023, Smith pled guilty to possessing a firearm without a license, and the Bucks County Common Pleas Court sentenced him to time served to 23 months of incarceration followed by 1 year of probation and released him.[3] *See id*. On May 9, 2024, the Bensalem Police Department arrested Smith on a bench warrant for failure to check in while he was on probation. *See* C.R. at 110. On July 19, 2024, a Board Hearing Examiner held a parole revocation hearing for Smith's Bucks County conviction. *See* C.R. at 103. On July 26, 2024, the Board revoked Smith's parole and recommitted him to serve 1 year of backtime. *See* C.R. at 140.

By decision recorded on August 5, 2024 (mailed August 6, 2024), the Board recalculated Smith's Original Sentence maximum release date to October 21, 2025. *See* C.R. at 154-156. On September 3, 2024, the Board received Smith's pro se Administrative Remedies Form.[4] *See* C.R. at 157-158. On December 31, 2024, the Board affirmed its decision recorded on August 5, 2024 (mailed August 6, 2024). On January 30, 2025, Smith, through Counsel, appealed to this Court.[5] On May 20, 2025, Counsel filed his Application and *Turner* Letter. By May 23, 2025 Order, this Court notified Smith that he could obtain substitute counsel at his own expense or file a brief on his own behalf.[6]

---

[3] The Board had released its detainer warrant because Smith's then Original Sentence maximum release date had expired on June 9, 2023.

[4] The Administrative Remedies Form was enclosed in an envelope containing a United States Postal Service postmark of August 28, 2024. *See* C.R. at 159.

[5] This Court's "review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with [the] law, or whether the necessary findings of fact were supported by substantial evidence." *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1255 n.7 (Pa. Cmwlth. 2022).

[6] Smith did not obtain substitute counsel or file a brief.

Initially,

> "[a] [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*[ *v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* letter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. *Zerby*[ *v. Shanon*], 964 A.2d [956,] 960 [(Pa. Cmwlth. 2009)]. However, if the *Turner* letter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id*.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Here, Counsel stated in his *Turner* Letter that he reviewed the Certified Record and examined the relevant case law and statutes. Further, Counsel presented the procedural history of Smith's case, set forth and addressed the issues Smith

4

raised in his administrative appeal and concluded based on his exhaustive examination of the record and research that Smith's appeal is without merit. Finally, Counsel notified Smith in his *Turner* Letter that he could retain substitute counsel or raise any points which he may deem worthy of merit in a pro se brief filed with this Court. After review, this Court concludes that Counsel complied with the procedural requirements for withdrawing from representation.

Before this Court conducts its independent merits review, because Smith's 2023 Original Sentence October 21, 2025 maximum release date has lapsed, this Court must determine whether Smith's appeal is now moot.

> Generally, a case will be dismissed as moot if there exists no actual case or controversy. The existence of a case or controversy requires
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.
>
> *Dow Chem*[.] *Co*[.] *v.* [*U.S.*] *Env*[*'t*] *Prot*[.] *Agency*, 605 F.2d 673, 678 (3[]d Cir. 1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Cont*[*'l*] *Bank Corp.*, 494 U.S. 472, 477-[]78 . . . (1990) (quotation omitted). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Dep*[*'t*] *of Pub*[.] *Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001).[7]

---

[7] An exception to mootness will be found where[:] (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination.

*Johnson v. Pa. Parole Bd.*, 300 A.3d 525, 527-28 (Pa. Cmwlth. 2023) (quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004)). Moreover, it is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot. *See Johnson*; *Mistich*; *see also Rhines v. Pa. Parole Bd.* (Pa. Cmwlth. No. 361 C.D. 2020, filed June 9, 2021); *Jackson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 170 C.D. 2020, filed Nov. 19, 2020).[8]

In the instant case, Smith's Original Sentence maximum release date was calculated to be October 21, 2025, and that date has lapsed. An order by this Court granting Smith relief from his Original Sentence maximum release date that has lapsed will not have any meaning, as Smith has already served his unexpired term. The Certified Record indicates that Smith was paroled from his Original Sentence on September 10, 2021, and he was convicted of a new offense resulting in a county sentence of 23 months, which he has served. There is no evidence in the Certified Record that Smith committed any additional crimes or had new criminal charges brought against him that could extend his Original Sentence maximum sentence release date. To the contrary, Smith is no longer under the custody and control of the Commonwealth.[9] Accordingly, Smith's appeal is moot.

---

*Johnson*, 300 A.3d at 528 (quoting *Mistich*, 863 A.2d at 119). None of the mootness exceptions apply here - although the conduct complained of may be capable of repetition it is not likely to evade judicial review, the case does not involve issues of great public importance, and neither party will not suffer a detriment in the absence of a court determination.

[8] This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites to the unreported cases herein for their persuasive value.

[9] *See* Inmate Locator, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Dec. 16, 2025).

For all of the above reasons, Counsel's Application is granted and Smith's appeal is dismissed as moot.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Smith,                                    :
                Petitioner          :
                                    :
          v.                 :
                                    :
Pennsylvania Parole Board,                      :      No. 130 C.D. 2025
                Respondent          :

## O R D E R

AND NOW, this 17th day of December, 2025, Kent D. Watkins, Esquire's Application to Withdraw as Counsel is GRANTED and Eric Smith's (Smith) Petition for Review is DISMISSED as moot.

Counsel is directed to serve a copy of this Opinion and Order on Smith, if possible, and file a proof of service within 14 days.[1]

_____
ANNE E. COVEY, Judge

---

[1] As of the filing of this Opinion, Smith's whereabouts are unknown.