IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Harvey,           :
                              :
          Petitioner   :
                              :
          v.           : No. 441 M.D. 2024
                              : Submitted: March 3, 2026
PA. Department of Corrections,   :
                              :
          Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                     FILED: April 21, 2026

Before the Court are the preliminary objections (POs) and suggestion of mootness[1] filed by the PA Department of Corrections (DOC) to the Amended

---

[1] Pa.R.A.P. 1972(a)(4) states, in relevant part: "[S]ubject to Pa.R.A.P. 123, any party may move . . . [t]o dismiss [a PFR] for mootness." Indeed, as this Court has explained:

> "Under the mootness doctrine a case may be dismissed for mootness at any time by a court, because[,] generally, an actual case or controversy must exist at all stages of the judicial or administrative process." *P*[*ennsylvania*] *Liquor Control B*[*oard*] *v. Dentici*, 542 A.2d 229, 230 (Pa. Cmwlth. 1988). Thus, a "court will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process." *Britt v. Dep*[*artmen*]*t of Pub*[*lic*] *Welfare*, 787 A.2d 457, 460 n.5 (Pa. Cmwlth. 2001). Moreover, "courts will not enter judgments or decrees to which no effect can be given." *Id.*

**(Footnote continued on next page…)**

Petition for Review (PFR) that Norman Harvey (Inmate) filed in our original jurisdiction seeking to compel DOC to credit the time period of 09/08/2014 to 03/30/2015, and from 04/20/2016 to 07/22/2016. Upon review, we dismiss the PFR.

As this Court has previously explained:

> [Inmate] is currently incarcerated at SCI -Dallas for a violation of parole sentence. The [p]etition in the present case originates from [Inmate's] three separate criminal charges and subsequent sentences. First, on 12/01/2010, [Inmate] was arrested on case #CP-51-CR-00057-2011 (case 057) [filed in the Philadelphia Court of Common Pleas (trial court or sentencing court)]. [Inmate] posted the associated bail on 12/23/2010; however, bail was raised on 09/30/2011. As a result, from 09/30/2011 to 05/16/2014, [Inmate] was in prison for case 057 while awaiting sentencing. On 05/16/2014, [Inmate] was sentenced to one and one half to three years in prison on Count 3 and to seven years of probation on Count 2 in case 057.

> Next, while awaiting sentencing on case 057, [Inmate] was arrested on 07/01/2011[,] for #CP-51-CR-00011460-2011 (case 11460) and charged with robbery, conspiracy, and related offenses. On 09/07/2014, [Inmate] completed his sentence for case 057. After completing his sentence for case 057, [Inmate] was out of prison pending his sentencing for case 11460. [Inmate] was sentenced on 03/30/2015[,] for case 11460 to 11½ to 23 months in prison and to 8 years of probation on Count 19 and to 10 years of probation on Counts 18, 26, and 27.

> Finally, following his sentence for case 11460, [Inmate] was arrested for case #CP-51-CR-0005198-2015 (case 5198) on 06/22/2015. [Inmate] was sentenced on 04/19/2016 to 10 to 23 months in prison. As a result of his

*Barrot v. Department of Human Services* (Pa. Cmwlth., No. 334 C.D. 2017, filed June 13, 2018), slip op. at 6; *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

arrest for case 5198, [Inmate] was also sentenced to 6 to 23 months in prison for violation of parole associated with case 057 on 05/09/2016[,] and to 10 to 23 months in prison for violation of parole associated with case 11460 on 07/22/2016.

*Harvey v. Department of Corrections* (Pa. Cmwlth., No. 541 M.D. 2019, filed May 12, 2020) (*Harvey I*), slip op. at 2-3 (citations to record omitted).[2]

In *Harvey I*, Inmate sought mandamus relief in the form of pre-sentence credit from 06/29/2011 to 03/30/2015; 06/23/2015 to 04/19/2016; and 04/20/2016 to 07/22/2016; to be applied toward his sentence in case 11460. *See id.*, slip op. at 3. However, in rejecting this claim we explained:

> . . . [C]rucial to this discussion is the fact that [Inmate] has been credited with time served which was counted towards the remaining time on his three sentences. [Inmate] received pre-sentence credit from 07/01/2011 to 09/29/2011[,] toward his sentence associated with case 11460. [Inmate] also received pre-sentence credit from 09/30/2011 to 09/07/2014[,] which was counted toward [his] sentence for case 057. Pre-sentence credit from 09/08/2014 to 03/30/2015[,] was applied to [Inmate's]

---

[2] We have taken judicial notice of the details on record from Inmate's underlying criminal proceedings and prior appeal, as permitted by Pa.R.E. 201(b)(2) (authorizing the judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly[ ]available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of the entries on a claimant's criminal docket and the records contained therein); *Doxsey v. Pennsylvania Bureau of Corrections*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996) (taking judicial notice of copies of official criminal court records, which the respondent had attached to its preliminary objection); *Elkington v. Department of Corrections* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), slip op. at 9 n.4 ("Although not introduced by the parties, the underlying criminal proceedings are directly related to the claims made here and are referenced throughout the pleadings, and this Court may take judicial notice of the dockets of other courts of the Commonwealth.") (citations omitted).

3

sentence for case 11460. [Inmate] then received credit from 06/23/2015 to 04/19/2016[,] that was counted toward his sentence for case 5198. Finally, [Inmate] received credit from 04/22/2016 to 07/22/2016[,] toward his sentence for violation of parole for case 057.

*Id.*, slip op. at 7 (citations to record omitted).

Based on the foregoing, we concluded:

Both [Inmate] and [r]espondents[, including DOC,] agree that [they] have a duty to enforce the sentencing order of the sentencing court. [Inmate] would have this Court compel [r]espondents to enforce the sentencing order to require a pre-sentence credit for time served in the amount of 45 months without regard for the previous application of credit to [his] sentences. [Inmate] is not entitled to double credit. *Taglienti v. Dep[artmen]t of Corr[ections]*, 806 A.2d 988 (Pa. Cmwlth. 2002). [Inmate] has served multiple sentences and the pre-sentence credit in question was previously applied to those sentences. As a result, to award the requested pre-sentence credit would cause [r]espondents to incorrectly provide [Inmate] with double credit for time served. Respondents do not have a duty to construe the sentencing order of the sentencing court in this inappropriate manner.

*Harvey I*, slip op. at 9 (citations to record omitted).

Subsequently, on October 25, 2024, Inmate filed the instant PFR again seeking credit for the time period of 09/08/2014 to 03/30/2015, and from 04/20/2016 to 07/22/2016, to be applied to the sentence in case 11460. However, as stated above, "[p]re-sentence credit from 09/08/2014 to 03/30/2015[,] was [already] applied to [Inmate's] sentence for case 11460." *Harvey I*, slip op. at 6-7 (citation to record omitted). Moreover, with respect to the time period of 04/20/2016 to 07/22/2016, as noted by DOC, on February 11, 2025, following the filing of the instant PFR, the trial court revised the sentence imposed at case 11460 and specifically included that time period to that sentence. *See* Respondent's Brief at 5,

4

7, Ex. A, Ex. B; *see also* Trial Court Docket Number CP-51-CR-0011460-2011 at 8-10. As a result, the instant PFR is moot because this Court may not grant Inmate any further relief.

Accordingly, we dismiss the PFR as moot.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Harvey,                    :
                                        :
              Petitioner  :
                                          :
             v.           : No. 441 M.D. 2024
                                          :
PA. Department of Corrections,  :
                                          :
            Respondent :

# **O R D E R**

AND NOW, this 21st day of April, 2026, the Amended Petition for Review filed in the above-captioned matter is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge