**FRATERNAL ORDER OF POLICE,**
**Lodge No. 5, Appellant,**

v.

**CITY OF PHILADELPHIA**
**and John Street.**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 2001.

Decided Jan. 7, 2002.

---

Stephen J. Holroyd, Philadelphia, for appellant.

Steven R. Paisner, Philadelphia, for appellee.

Before DOYLE, President Judge, LEADBETTER, J., and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

The Fraternal Order of Police, Lodge No. 5(FOP) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which dismissed as moot a Complaint filed in Mandamus (Complaint) against the City of Philadelphia and John Street, in his capacity as Mayor of the City of Philadelphia (collectively, City). We affirm.

FOP is the collective bargaining agent of the City's police officers. City and FOP are parties to a collective bargaining agreement governed by the Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–217.10 (Act 111). In the Complaint, FOP maintained that because of an impasse in the collective bargaining process, the FOP requested that a Board of Arbitration (Board) be convened pursuant to Section 4 of Act 111, 43 P.S. § 217.4 to resolve the issues in dispute. The Board consists of one arbitrator selected by each side and a neutral third arbitrator selected

from a list provided by the American Arbitration Association.[1]

In accordance with Section 4 of Act 111, "[t]he board of arbitration thus established shall commence the arbitration proceedings within ten days after the third arbitrator is selected and *shall make its determination within thirty days after the appointment of the third arbitrator.*" (Emphasis added.) After selecting their arbitrators, the parties chose the third arbitrator on March 10, 2000. Thus, the thirty-day time limitation for a determination would have expired on April 9, 2000.

On March 13, 2000 the Board and parties met to schedule evidentiary hearings. City and its arbitrator indicated that they were unavailable for hearings for several days due to both personal and other professional obligations. The neutral arbitrator offered to conduct hearings on the weekends but City representatives, according to the Complaint, would not make themselves available during this time. As a result of the conflict in schedules, only two hearings were scheduled within the thirty-day time limit. The dates of those hearings were March 24, 2000 and April 7, 2000.[2]

FOP indicated that it was unwilling to waive the thirty-day time limit for a Board determination. City maintained that completion of the process was logistically impossible because of scheduling conflicts and the amount of time necessary for each side. Thereafter, on March 16, 2000, FOP filed the Complaint at issue and also filed a Motion for Peremptory Judgment (Motion) with the trial court. City filed preliminary objections on March 28, 2000 and also filed an answer to the Motion. The trial court denied the Motion on March 28, 2000. Thereafter, the parties proceeded with their Act 111 hearings and a Board decision was ultimately rendered on August 2, 2000. No appeal was taken from this decision.

On February 14, 2001, the trial court, on its own motion, dismissed the Complaint at issue as moot. This appeal by FOP followed. In this case, our review is limited to determining whether the trial court committed an error of law or abuse of discretion. *Bensalem Township Police Benevolent Association, Inc. v. Bensalem Township*, 777 A.2d 1174 (Pa.Cmwlth. 2001).

■ The only issue presented is whether the trial court erred in dismissing the Complaint as moot. Unless an actual case or controversy exists at all stages of the judicial process, a case will be dismissed as moot. *Pennsylvania Liquor Control Board v. Dentici*, 117 Pa.Cmwlth. 70, 542 A.2d 229 (1988). Exceptions are made, however, where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision. *County Council of County of Erie v. County Executive of County of Erie*, 143 Pa.Cmwlth. 571, 600 A.2d 257, 259 (1991).

1. In selecting the third arbitrator, the American Arbitration Association provided a list of three candidates. Each side then struck a name from the list and the remaining name became the third arbitrator. Section 4(b) of Act 111. According to the Complaint, FOP informed the American Arbitration Association that it was not willing to waive the thirty-day provision for rendering a decision.

2. The Complaint alleges that City and FOP would each require 5 days to present their cases and that another week would then be required for the Board to reach a determination.

■ FOP argues that although the case is technically moot, cases like this one will likely evade review because interest arbitration proceedings tend to progress quicker than proceedings in the court system. Thus, a complaint in mandamus to compel compliance with Act 111 would never be heard because the Act 111 dealings would expire before the court proceedings concluded. Also, awards would have to be appealed to the trial court even if the award were favorable, simply to raise the issue of whether the award was timely. Additionally, FOP maintains that this case also presents a question of public importance.

City responds that the case at issue is moot and that the FOP merely seeks to have the trial court issue an advisory opinion, which this court declined to do in *Marcus Hook v. Pennsylvania Municipal Retirement Board*, 720 A.2d 803 (Pa. Cmwlth.1998). In *Marcus* the petitioner borough sought to have the court review a determination of the Pennsylvania Municipal Retirement Board which denied benefits to a disabled police officer. Because the borough did not challenge the decision to deny benefits, but only the rationale relied upon, the court dismissed the appeal as non-justiciable. The court would not permit an advisory opinion as to the rationale or events underlying the decision. Similarly, City argues that in this case, we should not permit an advisory opinion on an after-the-fact challenge to a process that has been completed and has produced a result that is unchallenged.

City also argues that the time limit imposed by Act 111 requires *the Board* to issue a decision within thirty days. The time limit does not apply to the parties. Moreover, because the Board is not a party to the action, and in fact has ceased to exist, the court is incapable of granting relief. Additionally, the issue presented would not evade review in future Act 111 proceedings. If there were a violation of Act 111 requirements, relief may be had either through a peremptory judgment, which FOP did seek in this case or through the Pennsylvania Labor Relations Board.

Although not cited by the parties, *Borough of Nazareth v. Pennsylvania Labor Relations Board*, 534 Pa. 11, 626 A.2d 493 (1993), is instructive. In *Borough of Nazareth*, the police association notified the borough of its intention to proceed to interest arbitration in accordance with Section 4 of Act 111. The borough, however, refused to name an arbitrator and the association filed an unfair labor practice charge with the Pennsylvania Labor Relations Board (PLRB), which directed the borough to proceed to interest arbitration pursuant to Act 111. On appeal, this court reversed concluding that the PLRB lacked jurisdiction to issue an order compelling a public employer to proceed to Act 111 interest arbitration and that the appropriate procedure would have been for the association to seek mandamus in the trial court.

The Supreme Court reversed this court's decision and concluded that the PLRB is in the best position to resolve all unfair labor practices issues and that the borough's failure to proceed to interest arbitration under Act 111 was an unfair labor practice over which the PLRB had jurisdiction. Moreover, under Section 4 of Act 111, both employer and employee have the right to file an unfair labor practice petition with the PLRB to compel the other party to proceed to interest arbitration.

■ FOP's assertion here that City failed to make itself available for hearings so that the Board could render a decision within thirty days is, in essence, an allegation of an unfair labor practice for which the PLRB, not the trial court, would have

jurisdiction. Moreover, as argued by City, Act 111 requires the Board to make a decision within thirty days and the Board is not a party to these proceedings. As such, we fail to see how an action in mandamus is proper against City when the duty to render a decision is placed on the Board.

The FOP should, therefore, have promptly charged the City with an unfair labor practice before the PLRB and requested an expedited hearing and decision in view of the legislative intent to give the FOP speedy access to interest arbitration and prevent delays caused by the scheduling of numerous lawyers normally involved in that process.

Moreover, we do not agree that the issue presented by FOP will necessarily escape judicial review. FOP in this case could have appealed the Board's decision arguing that it was untimely and thus void.[3]

In accordance with the above, the order of the trial court is affirmed.

### ORDER

Now, January 7, 2002, the order of the Court of Common Pleas of Philadelphia County, at March Term, 2000, No. 1706, dated February 14, 2001, is affirmed.

---

**3.** Without addressing the underlying merits, we simply note that although Section 4 of Act 111 states that the Board shall issue a decision within thirty days of its formation, whether a particular provision of a statute is mandatory or discretionary does not depend on the form, but on the legislative intent to be ascertained after considering the statute in its entirety, its nature and object and the consequences that would result from construing it one way or the other. *Philadelphia Gas Works v. Commonwealth*, 741 A.2d 841 (Pa. Cmwlth.1999), *aff'd*, 562 Pa. 621, 757 A.2d 360 (2000). If the thing directed to be done is the essence of the thing required, then the statute is mandatory. If, however, the statute directs that certain proceedings be done in a certain manner or time, then it is directory. *West Penn Power Company v. Pennsylvania Public Utility Commission*, 104 Pa.Cmwlth. 21, 521 A.2d 75, 78 (1987). Failure to follow a mandatory statute renders the proceedings void, whereas a failure to follow a directory statute does not. *Id.*