IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Senate    :
Intergovernmental Operations  :
Committee,       :
       Petitioner :
           :
   v.       :  No. 95 M.D. 2022
           :
Pennsylvania Department of State :
and Leigh Chapman, in her Capacity :
as Acting Secretary of the   :
Commonwealth,     :
      Respondents:

**PER CURIAM**

**MEMORANDUM & ORDER**

Before this Court is an application filed by then Acting Secretary of the Commonwealth, Leah Chapman, and the Pennsylvania Department of State (collectively, Department of State), seeking the dismissal of the above-captioned petition for review as moot. The Department of State contends that the petition for review in the nature of a mandamus action filed by the Pennsylvania Senate Intergovernmental Operations Committee (Senate Committee) is moot because the 2021-2022 session of the General Assembly concluded on November 30, 2022, with its adjournment *sine die*.[1] The Senate Committee responds that its request for a writ of mandamus should proceed under the exception to the mootness doctrine.

---

[1] A legislature's adjournment *sine die*, or adjournment without day, is "[t]he ending of a deliberative assembly's . . . session without setting a time to reconvene." *See Adjournment Sine Die, Black's Law Dictionary* 44 (8th ed. 1999).

Generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Order of Police v. City of Philadelphia*, 789 A.2d 858 (Pa. Cmwlth. 2002). The existence of a case or controversy requires

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Mistich v. Pennsylvania Board of Probation and Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 1994) (quoting *Dow Chemical Company v. United States Environmental Protection Agency*, 605 F.2d 673, 678 (3d Cir.1979)). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Mistich*, 863 A.2d at 119 (quoting *Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477–78 (1990)).

An exception to dismissal on grounds of mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Resource Development Company, Inc. v. Department of Environmental Protection*, 780 A.2d 856, 858 (Pa. Cmwlth. 2001). It is within the court's discretion to decide "substantial questions, otherwise moot, which are capable of repetition unless settled." *Colonial Gardens Nursing Homes, Inc. v. Bachman*, 373 A.2d 748, 750 (Pa. 1977). The Senate Committee contends that two exceptions to mootness are applicable here.

First, the Senate Committee argues that this case presents an issue of great public importance, a recognized exception to the mootness doctrine. *Harris v. Rendell*, 982 A.2d 1030, 1037. A controlling factor in the great public importance

exception is whether "the legislature obviously recognized the significance of [such] questions" and enacted a "new comprehensive statutory scheme" that "deals squarely with the issues appellant raises." *In re Gross*, 382 A.2d 116, 123 (Pa. 1978). Because the Senate Committee requests a writ of mandamus to enforce obedience to a legislative subpoena and a request authorized by The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§51-732, it believes its petition for review raises a matter of great public importance.[2]

Second, the Senate Committee argues that this case involves an issue that is capable of repetition, yet evading review. The General Assembly is a continuing body for two years, but after adjournment *sine die*, pending legislative matters expire. *See* PA. CONST. art. II, §4; *Brown v. Brancato*, 184 A. 89, 93 (Pa. 1936) (legislative action of the General Assembly ended with its adjournment). Despite the expedited briefs and summary applications filed in this matter, this dispute remained unresolved more than 16 months after the subpoena was issued.

We decline to reach the merits of the Department of State's application for relief or the exceptions to mootness doctrine raised by the Senate Committee. By separate order issued this day, we have dismissed the above-captioned petition for review on other grounds, rendering the Department of State's application moot. The Court enters the following Order:

---

[2] Although the 2021-2022 legislative session has adjourned, and the 2023-2024 session has convened, adopted rules, and chosen a chair of the Senate Committee, the name of the new chair and new senate president pro tempore can be substituted in the litigation.

# **O R D E R**

AND NOW, this 9th day of February, 2023, the Application for Relief Dismissing the Petition for Review as Moot filed by the Pennsylvania Department of State and Leigh Chapman, in her capacity as Acting Secretary of the Commonwealth, is DISMISSED AS MOOT.