IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nakia William Garrus,                     :
                    Petitioner            :
                                          :
        v.                                :        No.  1271 C.D.  2021
                                          :
Pennsylvania Parole Board,                :        Submitted: November 4, 2022
                    Respondent            :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED: November 16, 2023


        Nakia William Garrus (Petitioner) petitions for review of the
Pennsylvania Parole Board's (Board) decision mailed October 14, 2021, which denied
and dismissed his second, third and fourth requests for administrative relief from the
Board's order, recorded September 19, 2019, recalculating his maximum sentence date
of November 30, 2022.  In addition, David Crowley, Esquire (Counsel), Petitioner's
court-appointed public defender, has filed an Application to Withdraw on the basis that
the appeal is frivolous and lacks merit.  Upon review, we dismiss Petitioner's Petition
for Review (PFR) and Counsel's Application to Withdraw as moot.

## I.  Facts and Procedural History

        In May 2001, Petitioner was convicted of voluntary manslaughter and
sentenced to 25 to 50 years' confinement.  (Certified Record (C.R.) at 1.)  On May 28,
2013, Petitioner was resentenced to 10 to 20 years' confinement. (C.R. at 4.)  At the

time of his resentencing, Petitioner's maximum sentence date was April 6, 2020. (C.R. at 5.)

On September 8, 2015, the Board paroled Petitioner to a community corrections facility (CCF). *Id.* at 13. On March 14, 2016, he was recommitted to serve 6 months' backtime as a technical parole violator (TPV) for acting in an assaultive manner toward a parole officer during intake after his release from the CCF. *Id.* at 1. He was reparoled on August 26, 2016. *Id.* at 75.

On October 21, 2018, Petitioner was arrested for unsworn falsification to authorities, false identification to law enforcement, retail theft and receipt of stolen property. *Id.* at 44-43, 50. The Board lodged a detainer against Petitioner that same day. *Id.* at 39. Petitioner posted bail on the new charges on October 29, 2018. *Id.* at 43. In a decision recorded January 14, 2019, the Board detained Petitioner pending disposition of the new charges, recommitted him as a TPV for nine months for changing his residence without permission, and granted him reparole after six months if he successfully completed prescribed programs. *Id.* at 64. On February 13, 2019, Petitioner filed an administrative remedy form with the Board challenging the Board's January 14, 2019 decision recommitting him as a TPV. *Id.* at 99.

On January 16, 2019, Petitioner pleaded guilty to unsworn falsification to authorities and the remaining charges were *nolle prossed*. *Id.* at 67. The sentencing court sentenced Petitioner to time served to 23 months. *Id.* at 68. The Board credited Petitioner's original sentence for the time he spent incarcerated before posting bail, *i.e.*, October 21, 2018 to October 29, 2018.

On April 4, 2019, the Board notified Petitioner that it was charging him as a convicted parole violator (CPV), due to his new conviction. Petitioner waived his rights to counsel and a revocation hearing. *Id.* at 71. By decision recorded May 15,

2

2019, the Board modified and deleted the reparole portion of its January 14, 2019 order. *Id.* at 87. The Board recommitted Petitioner to serve 9 months' backtime as a TPV and 12 months' backtime as a CPV, for a total of 21 months' backtime. The Board based its backtime assessment on Petitioner's poor adjustment under supervision, early failure of parole and reparole, failure to comply with sanctions, his declaration of delinquency and his prior parole failures. The Board recalculated Petitioner's original sentence maximum release date to April 13, 2022, but stated it was subject to change. *Id.* at 87-88.

On June 13, 2019, Petitioner filed an administrative remedies form challenging the Board's May 15, 2019 decision increasing his backtime in light of his designation as a CPV. *Id.* at 101. On June 20, 2019, he filed a petition for administrative remedies with the Board challenging the Board's January 14, 2019 and May 15, 2019 decisions, and requesting that his original maximum release date be recalculated because his backtime should be served concurrently with his new sentence. *Id.* at 103-07. On July 5, 2019, he filed an "administrative appeal letter" again claiming that the Board erred in recalculating his backtime. *Id.* at 112-13.

On September 4, 2019, the sentencing court entered an order paroling Petitioner on Bill #7245-18, effective January 16, 2019. *Id.* at 85. By decision dated September 19, 2019, the Board restated its May 15, 2019 decision and added that Petitioner would not receive credit for the time spent at liberty on parole because he previously absconded while under supervision. *Id.* at 91. The Board credited Petitioner for time he spent in pretrial custody solely on the Board's warrant from October 29, 2018, to January 16, 2019. *Id.* On October 7, 2019 the Huntington County Public Defender filed an administrative appeal from the September 19, 2019 recommitment challenging the recalculation of the maximum date. *Id.* at 140. On January 22, 2020,

3

Petitioner filed another administrative appeal from the May 15, 2019 recommitment decision. *Id.* at 129-30. On that same date, January 22, 2020, the Board entered a decision rescinding the Board action of January 14, 2019, due to receipt of additional information and modifying the Board actions of May 15, 2019 and September 19, 2019, by removing all references to the Board's action dated January 14, 2019, to recommit him as a TPV to serve 9 months' backtime. *Id.* at 96. On January 23, 2020, the Board entered another decision rescinding the Board action of January 22, 2020 decision, due to missing information. *Id.* at 97. It modified its January 14, 2019, May 15, 2019, and September 19, 2019 decisions by removing all references therein to recommitting Petitioner as a TPV. *Id.* The Board modified its September 19, 2019 decision to declare that Petitioner was recommitted to a state correctional institution to serve 12 months of backtime as a CPV. *Id.* Petitioner's original sentence maximum release date remained November 30, 2022. The January 23, 2020, Board decision recommitted Petitioner to a state correctional institution as a CPV to serve 12 months' backtime and made him ineligible for reparole until June 16, 2020. *Id.*

On January 28, 2020, the Board mailed Petitioner its response to his February 13, June 13 and June 20, 2019 requests for administrative relief, denying Petitioner credit for the time he served at liberty on parole and stating that it properly recalculated his maximum sentence release date to November 30, 2022, because Petitioner had received a new conviction and as such, was found to be a CPV. *Id.* at 110-11.

On February 5, 2020, Petitioner filed an appeal from the Board's January 28, 2020 decision with this Court, challenging the recalculation of his sentence maximum release date to November 30, 2022. Specifically, he argued that the Board erred by (1) failing to grant him credit for the time he spent at liberty on parole; (2) not

4

calculating his custody time correctly and requiring him to serve his new sentence consecutively to his original sentence; and (3) altering his judicially imposed sentence. In a decision filed February 3, 2021, this Court affirmed the Board. *See Garrus v. Board of Pennsylvania Probation and Parole* (Pa. Cmwlth., No, 198 C.D. 2020, filed February 3, 2021).

Despite the fact that this Court affirmed the Board's January 28, 2020 decision, Petitioner mailed another administrative appeal to the Board, postmarked April 19, 2021, once again challenging the Board's January 28, 2020 recalculation of his sentence maximum release date to November 30, 2022. (C.R. at 154-55.) On May 26, 2021, the Board recorded a decision denying Petitioner reparole from his recommitment. *Id.* at 152. On June 7, 2021, Petitioner filed an administrative appeal from that decision, again arguing that the Board erred in calculating recalculation of his sentence maximum release date to November 30, 2022. *Id.* at 159-63.

On October 14, 2021, the Board dismissed Petitioner's April 19, 2021 and June 7, 2021 administrative appeals "as unauthorized" on the basis that the Board's January 28, 2020 response to his multiple administrative appeals was a final adjudication and not subject to further Board review. *Id.* at 189-90. The Board explained that the Board's regulation authorizing administrative relief, 37 Pa. Code § 73.1,[1] "does not allow for second or subsequent requests for relief, nor does it allow for challenges to the Board's final adjudication." *Id.* at 189-190. The Board further informed Petitioner:

> This is a response to the correspondence received from you on April 27, 2021 (postmarked 4/19/2021) . . . and June 11, 2021 (postmarked 6/7/2021) wherein you seek credit toward

---

[1] 37 Pa. Code § 73.1(4) provides in relevant part: "Second or subsequent appeals and appeals which are out of time under these rules will not be received."

your recalculated maximum date of November 30, 2022. Your request for relief is deemed a petition for administrative review from the Board decision recorded September 19, 2019 (delivered 9/23/2019). Your request is denied.

The Board's regulation authorizing administrative relief does not allow for second or subsequent requests for relief, nor does it allow for challenges to the Board's final adjudication. 37 Pa. Code § 73.1. The record reveals that on January 28, 2020, the Board mailed to you its final determination regarding the recommitment recorded September 19, 2019 (delivered 9/23/2019). As such, your requests received on the above dates are therefore deemed second or subsequent requests for relief, they are not properly before the Board, and they cannot be accepted. Because they cannot be accepted, the Board need not address any of the issues raised therein.

Accordingly, your request for relief from your recalculated maximum date is hereby DISMISSED as unauthorized.

*Id.* at 189 (emphasis in original).

On November 13, 2021**,** Petitioner filed the instant PFR from the Board's Order, mailed on October 14, 2021. On January 18, 2022, this Court appointed the Centre County Public Defender to represent Petitioner in this matter, granting leave to amend the petition within 30 days. The PFR was timely amended on February 16, 2022, averring that the Board had illegally extended the original maximum sentence release date to November 30, 2022.

On April 29, 2022, Attorney David Crowley, a public defender assigned to represent Petitioner, sent a *Turner*[2] Letter explaining in great detail all legal issues concerning Petitioner's appeals of the Board's decision mailed on October 14, 2021,

---

[2] *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

6

and why they all lacked substantive merit. Petitioner moved forward acting *pro se* and filed a document titled, "Respondent Amended Petition for Review" (Amended PFR).

## II. Issues

Insofar as we can interpret Petitioner's Amended PFR, he argues that on January 28, 2020, the Board illegally extended his original sentence to November 30, 2022, by failing to award him credit with all the time to which he was entitled for the time he spent confined from the date of his arrest on new criminal charges to the date of his conviction on such charges.[3]

## III. Discussion

### A. Mootness

At the outset, it is important to note that Petitioner's November 30, 2022 original sentence maximum release date has passed.[4] There is nothing in the Certified Record to indicate that Petitioner committed any additional crimes or had new charges that could extend the maximum term of the original sentence. Therefore, it appears Petitioner has already completed the full term of that sentence and is no longer under the custody and control of the Commonwealth.

> Generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Order of Police v. City of Philadelphia*, 789 A.2d 858 (Pa. Cmwlth. 2002). The existence of a case or controversy requires
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

[4] Petitioner does not appear to be currently incarcerated. *See Inmate/Parolee Locator*, Pa. Department of Corrections, https://inmatelocator.cor.pa.gov (last visited November 15, 2023).

an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Dow Chemical Co. v. United States Environmental Protection Agency*, 605 F.2d 673, 678 ([3d] Cir. 1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Department of Public Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001). An exception to mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Resource Development Company, Inc. v. Pennsylvania Department of Environmental Protection*, 780 A.2d 856 (Pa. Cmwlth. 2001).

*Mistich v. Pennsylvania Board of Probation & Parole*, 863 A.2d 116, 119-20 (Pa. Cmwlth. 2004).

Here, Petitioner has finished serving the sentence that gave rise to the challenged maximum sentence date and we cannot grant the requested relief. Although the credit issues that Petitioner raises in this appeal are likely capable of repetition, they will not evade review and have been addressed in a number of other appeals from Board decisions denying administrative relief. Petitioner will not suffer any detriment

without this Court's decision because he is no longer serving his original state sentence and we cannot grant the requested relief.[5]

Accordingly, Petitioner's Amended PFR is dismissed as moot. Because our dismissal of the appeal also renders moot Counsel's Withdrawal Application, we dismiss it as well.

 

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] As noted above, Petitioner has appealed from the Board's order mailed on October 14, 2021, which dismissed Petitioner's April 19, 2021 and June 7, 2021 administrative appeals "as unauthorized" on the basis that the Board's January 28, 2020 response to his multiple administrative appeals was a final adjudication and not subject to further Board review. Thus, the only issue properly before this Court on appeal pertains to the Board's October 14, 2020 decision. Even if the appeal was not moot, we would find that the Board did not err in dismissing Petitioner's subsequent administrative challenges as procedurally improper. The Board's regulations specifically prohibit the filing of second or subsequent appeals. Pursuant to Section 73.1(b)(3) of the Board's Regulations, the Board was not required to rule on Petitioner's April 19, 2021 and June 7, 2021 appeals because he simply reiterated therein that the Board erred in its recalculation of his maximum sentence date. 37 Pa. Code § 73.1(b)(3).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nakia William Garrus,            :
          Petitioner         :
                                 :
      v.                   :   No. 1271 C.D. 2021
                                 :
Pennsylvania Parole Board,     :
          Respondent    :

## *ORDER*

AND NOW, this 16th day of November, 2023, the Amended Petition for Review filed by Nakia William Garrus is hereby DISMISSED as MOOT. The Withdrawal Application filed by David Crowley, Esquire, is also DISMISSED as MOOT.

_____
PATRICIA A. McCULLOUGH, Judge