IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William A. Himchak III,      :
          Petitioner      :
                                :  No.  1466 C.D. 2021
          v.      :
                                :  Submitted: March 24, 2023
Pennsylvania Parole Board,      :
          Respondent      :

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                     FILED: November 17, 2023

William A. Himchak III (Petitioner) petitions for review of the Pennsylvania Parole Board's (Board) November 17, 2021 decision affirming its September 22, 2021 decision, which rescinded Petitioner's automatic parole due to misconduct. Tyler C. Shultz, Esquire (Counsel), Petitioner's court-appointed counsel, has filed a Withdrawal Application on the basis that the appeal lacks merit. After review, we dismiss Petitioner's appeal as moot and dismiss as moot Counsel's Withdrawal Application.

## I.    BACKGROUND

On January 30, 2018, Petitioner was found guilty of several wiretapping/interception of communication charges in the Court of Common Pleas of the 39th Judicial District, Franklin County branch and sentenced to five months and four days to six years' imprisonment. (Certified Record (C.R.) at 1-3.) His maximum sentence release date was May 25, 2023. *Id.* On May 30, 2019, Petitioner was paroled by the Board and was released on July 30, 2019. *Id.* at 4-7. On July 6, 2021, the Board

issued an order to recommit Petitioner as a technical parole violator (TPV) for failure to refrain from assaultive behavior. *Id.* at 12-16. He was recommitted to State Correctional Institution (SCI)-Greene. His maximum release date remained May 25, 2023. *Id.* He was granted automatic parole on October 14, 2021, provided he did not commit a disciplinary infraction involving assaultive behavior or spend more than 90 days in segregated housing due to disciplinary infractions. *Id.* at 17.

On August 17, 2021, the Department of Corrections (DOC) executed a Misconduct Report, in which it was alleged that Petitioner threatened a parole supervisor with bodily harm in an 11-page letter to his landlord dated July 26, 2021. *Id.* at 18-35. In the letter, Petitioner demanded that his landlord contact the Superior Court, the Board's Office of Chief Counsel, and the United States Department of Justice to report his illegal imprisonment. He stated that he is "mother****ing done" and that the parole supervisor "needs to get a bat upside his head or worse for f***ing with people's sentences" and that "the legal system won't protect [his] rights – [he'd] take care of it [himself] and handle it [his] way and see what happens." He also stated that he was "going to have [the parole supervisor's] a[**]." *Id.* at 25, 27, 30.

A disciplinary hearing was held on August 19, 2021. On August 24, 2021, the Board issued an Automatic Reparole Rescission Report indicating that Petitioner committed a disciplinary infraction at the SCI involving assaultive behavior. *Id.* at 36-39. The Board mailed its September 22, 2021 decision rescinding the automatic reparole and directing that Petitioner be reviewed for reparole in August 2022. *Id.* at 41. Petitioner's maximum sentence release date was not recalculated and remained May 25, 2023. *Id.* at 12.

On October 13, 2021, Petitioner submitted an Administrative Remedies Form seeking relief from the Board's September 22, 2021 decision rescinding his

automatic parole rights. *Id.* at 92-95. On November 17, 2021, the Board mailed its decision finding no grounds to grant administrative relief and affirming its September 22, 2021 decision. *Id.* at 108-109. The Board explained that

> the record reveals that the Board recommitted [Petitioner] as a [TPV] to serve 6 months by decision recorded July 6, 2021, with an automatic parole date not to exceed October 14, 2021. While in the state correctional institution, [Petitioner] incurred two separate misconducts for assaultive behavior. Institutional staff provided [Petitioner] with a misconduct hearing resulting in a total of 150 [] days' disciplinary custody for both misconducts which included Misleading of State Employee, Refusing to Obey an Order, Destroying, Altering, Tampering With, or Damaging Property, and Lying to an Employee which occurred on June 29, 2021, and for Threatening an Employee with Bodily Harm, Terroristic Threats, and Using Abusive, Obscene, or Inappropriate Language to or About an Employee, which occurred on August 17, 2021.
>
> The Prisons and Parole Code provides that automatic reparole does not apply to [TPVs] who commit disciplinary infractions involving assaultive behavior. 61 Pa. C.S. § 6138(d)(5). Because [Petitioner] incurred a qualifying misconduct under the statute, the Board acted within its authority by rescinding automatic reparole in this case. Moreover, the Board acted within its discretion by taking this action without conducting an additional evidentiary hearing because [Petitioner was] already afforded due process to challenge the misconduct at issue in the hearing held at the institution. There is no reason for the Board to re-litigate those facts.
>
> The Board's regulation provides that the scope of review of an administrative appeal is limited to [determining] whether the decision is supported by substantial evidence, an error of law has been committed, or there has been a violation of constitutional law. 37 Pa. Code § 73.1. The record in this

3

matter establishes that the Board decision that rescinded [Petitioner's] automatic parole rights is supported by substantial evidence, does not constitute an error of law, and does not violate [Petitioner's] constitutional rights.

Accordingly, the appeal panel finds no grounds to grant administrative relief and AFFIRMS the Board decision recorded September 22, 2021 (mailed 9/23/2021).

*Id.*

On December 2, 2021, Petitioner filed a *pro se* petition for review (PFR) with this Court. On January 11, 2022, Petitioner filed an application to proceed *in forma pauperis*. On January 24, 2022, upon review, we granted Petitioner's application, appointed the Public Defender of Greene County to represent Petitioner and ordered the matter to "be treated as a Petition for Review." On February 18, 2022, Public Defender Harry Cancelmi, Esquire petitioned this Court to allow his refusal of the appointment and asked the Court to appoint other counsel for Petitioner. We denied Attorney Cancelmi's petition. However, on April 19, 2022, this Court granted Attorney Cancelmi's Withdrawal Application based on Petitioner's wish to proceed *pro se*.

On April 22, 2022, Petitioner filed a Motion to Assign/Appoint (Non-Conflict) Counsel with this Court. On May 24, 2022, we granted Petitioner's Motion and appointed the Public Defender of Fayette County to represent Petitioner in this matter. On July 1, 2022, Counsel entered his appearance on Petitioner's behalf per this Court's order. Subsequently, Counsel filed his Withdrawal Application on September 8, 2022. Therein, Counsel opined that Petitioner's appeal is without merit and lacks support in either law or fact. Counsel also certified that he informed Petitioner of his intent to withdraw and advised him of his right to retain new counsel, or to raise any points that he deems worthy of consideration. Alongside the Withdrawal Application,

4

Counsel also submitted a *Turner* letter to this Court,[1] explaining his conclusion that Petitioner's appeal is without merit and lacks support in either law or fact.

Upon consideration of Counsel's Withdrawal Application, this Court issued an order dated September 14, 2022, directing Petitioner either to obtain substitute counsel at his own expense or to file a brief in support of his PFR on his own behalf. We also directed Counsel to serve a copy of the order upon Petitioner. Accordingly, Counsel filed a certificate of service confirming that he had served a copy of the order upon Petitioner via First Class mail. We issued an additional order on March 23, 2023, in which we directed the parties to submit briefs on the Withdrawal Application as well as on the merits of Petitioner's PFR. As of the date of this opinion, counsel has not entered an appearance on behalf of Petitioner and he has not filed a brief.[2]

## II. DISCUSSION[3]

At the outset, it is important to note that Petitioner's May 25, 2023 original sentence maximum release date has passed.[4] There is nothing in the Certified Record

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[2] We note that Petitioner's PFR is, for the most part, incoherent. The Court has spent considerable time attempting to decipher Petitioner's arguments. Because the appeal is from the Board's November 17, 2021 decision denying his appeal from the Board's decision to rescind his automatic reparole date of October 14, 2021, we will assume he means to challenge the merits of that decision.

[3] Our standard of review in the context of Board decisions is limited to determining whether the Board violated a petitioner's constitutional rights or committed an error of law and whether the Board's findings of fact are supported by substantial evidence. *Morgan v. Pennsylvania Board of Probation & Parole*, 814 A.2d 300, 302 (Pa. Cmwlth. 2003).

[4] Petitioner does not appear to be currently incarcerated. *See Inmate/Parolee Locator*, Pa. Department of Corrections, https://inmatelocator.cor.pa.gov (last visited October 16, 2023).

to indicate that Petitioner committed any additional crimes or had new charges that could extend the maximum term of the original sentence. Therefore, it appears Petitioner has already completed the full term of that sentence and is no longer under the custody and control of the Commonwealth.

> Generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Order of Police v. City of Philadelphia*, 789 A.2d 858 (Pa. Cmwlth. 2002). The existence of a case or controversy requires
>
>> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.
>
> *Dow Chemical Co. v. United States Environmental Protection Agency*, 605 F.2d 673, 678 ([3d] Cir. 1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Department of Public Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001). An exception to mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Resource Development Company, Inc. v. Pennsylvania Department of Environmental Protection*, 780 A.2d 856 (Pa. Cmwlth. 2001).

*Mistich v. Pennsylvania Board of Probation & Parole*, 863 A.2d 116, 119-20 (Pa. Cmwlth. 2004).

Here, there is no dispute that Petitioner's maximum sentence expired on May 25, 2023. Because Petitioner has already served his sentence, we cannot grant the requested relief. Further, although the issue raised by Petitioner regarding the Board's decision to rescind his automatic reparole date is capable of repetition, it will not evade review and has been addressed in a number of other appeals from Board decisions denying administrative relief. *See Henderson v. Pennsylvania Parole Board*, 277 A.3d 633 (Pa. Cmwlth. 2022) (Board did not err in determining that parolee engaged in assaultive behavior and rescinding his automatic reparole date for that reason). Moreover, Petitioner will not suffer detriment without this Court's decision because he is no longer serving his original sentence.

### III.   CONCLUSION

Because Petitioner's maximum sentence date of May 25, 2023 has passed and there is no evidence in the record indicating that he is under the custody and control of the Commonwealth, the instant appeal is moot. Because no exceptions to the mootness doctrine apply here, we accordingly dismiss Petitioner's PFR and dismiss as moot Counsel's Withdrawal Application.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William A. Himchak III,       :
          Petitioner      :
                        :   No.   1466 C.D. 2021
          v.            :
                        :
Pennsylvania Parole Board,    :
          Respondent    :

## *PER CURIAM*

## *ORDER*

AND NOW, this 17th day of November, 2023, William Alexander Himchak III's Petition for Review of the Pennsylvania Parole Board's September 22, 2022 decision is hereby DISMISSED as MOOT. The Application to Withdraw as Counsel by Tyler C. Shultz, Esquire is DISMISSED as MOOT.