J-S20037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: Z.J.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: Z.J.K., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1537 MDA 2023 |

Appeal from the Dispositional Order Entered September 7, 2023
In the Court of Common Pleas of Cumberland County Juvenile Division at
No(s):  CP-21-JV-0000053-2022

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: JULY 15, 2024**

Appellant, Z.J.K., appeals from the October 24, 2023, order entered in the Cumberland County Court of Common Pleas. After review, we dismiss as moot.

The relevant facts and procedural history are as follows: On February 16, 2022, when Appellant was seventeen years old, he went to the Walmart super center located at 60 Noble Blvd. Carlisle, Pennsylvania, and used a lighter he found to set fire to merchandise in the Walmart, damaging multiple aisles. On February 17, 2022, Appellant was interviewed by police and admitted he used a lighter to ignite an object in the toy section of Walmart. On April 27, 2023, an admissions hearing was held in the juvenile court. At that hearing, Appellant admitted to the offense of aggravated arson. N.T.,

_____

* Former Justice specially assigned to the Superior Court.

4/27/23, at 11. Adjudication and disposition were deferred until Appellant could be psychologically evaluated. *Id.* at 12.

On September 5, 2023, the juvenile court conducted an adjudication and dispositional hearing. A juvenile probation officer testified as to their recommendation that Appellant be adjudicated delinquent. N.T., 9/5/23, at 2. Appellant's counsel cross-examined the probation officer. *Id.* at 3-4. The court adjudicated Appellant delinquent and issued a disposition stating that Appellant would be placed within a state secured facility as soon as a bed was made available for him. *Id.* at 12. The court noted that there was no less restrictive means of disposition because Appellant had obtained new charges during the pendency of the instant case and failed to comply with the conditions of electronic monitoring. Appellant had been stopped by police in various states at least seven times, including as far as in Oklahoma. Tr. Ct. Op. at 5. Appellant was ordered to comply with all treatment recommendations. *Id.* at 13. Until then, Appellant was placed under supervision at Cumberland County Prison.

On September 7, 2023, the court issued a Dispositional Review Order which placed Appellant at Loysville Youth Development Center. Appellant was released from his placement at that facility on February 2, 2024, pursuant to a Dispositional Review Order issued by the court. *See* Order, 1/25/24. Prior to being released from that facility, Appellant had filed a post-disposition motion, requesting he be removed from Loysville Youth Development Center and that a new adjudication hearing be held. *See* Post-Dispositional Motion,

9/11/23, at 4. The court denied that motion by order dated October 24, 2023. Appellant filed a notice of appeal from the order denying his motion on November 8, 2023. Appellant filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 6, 2023. The trial court filed a 1925(a) opinion. This appeal followed.

Appellant raises one question for our review:

Whether Juvenile's Due Process rights were violated when the Juvenile Court did not hold a hearing in accordance with the mandates of PA ST JUV CT Rule 512?[1]

Appellant's Br. at 2.

Initially, we must determine if the instant issue is justiciable at the present time. The mootness doctrine

_____

[1] Although we dismiss this appeal as moot for the reasons stated herein, we agree with the trial court and would also affirm on the grounds set forth by the trial court in its 1925(a) opinion. Appellant submits that Pa.R.J.C.P. 512 mandates that after an adjudication hearing, a juvenile court must state on the record, *inter alia*, the name of the institution and the treatment plan for the juvenile. Appellant claims his hearing was not in accordance with these mandates and instead the trial court simply adopted the recommendations of juvenile probation. Appellant's Br. at 5. In this case, an adjudication hearing was held, and the court fostered all relevant discussions, allowed the parties to present evidence and conduct cross examination, and made determinations on the record. However, at the time of the hearing, the exact facility in which Appellant would be placed was unknown and the precise treatment plan had not been established due to the unavailability of a facility that immediately had an empty bed. Because the court could not possibly have determined what facility placement and what treatment plan Appellant would receive, the court remanded him to the Cumberland County Prison for supervision, and stated on the record that the minor was to comply with all treatment recommendations once his placement had been established. Appellant was eventually placed in Loysville Youth Development Center which Appellant submits did not provide the treatment programs Appellant needed. Appellant has since been removed from that facility and placed on probation.

involve[s] litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way changes in the facts or in the law which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."

*In re Gross*, 382 A.2d 116, 119 (Pa. 1978). Generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Order of Police v. City of Philadelphia*, 789 A.2d 858 (Pa. Cmwlth. 2002). The existence of a case or controversy requires

(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Dow Chemical Company v. United States Environmental Protection Agency*, 605 F.2d 673, 678 (3rd Cir. 1979).

The "concept of mootness focuses on a change that has occurred during the length of the legal proceedings." *In re Cain*, 590 A.2d 291, 292 (Pa. 1991). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Department of Public Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001). An exception to mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Resource*

*Development Company, Inc. v. Department of Environmental Protection*, 780 A.2d 856 (Pa. Cmwlth. 2001).

In the present case, Appellant cannot satisfy the case or controversy requirement because there is no relief that can be ordered. His prayer for relief merely concludes that the adjudication hearing procedure did not comply with statutory mandates and that the juvenile's rights were violated. Appellant's post-disposition motion sought that the court remove the juvenile from the Loysville Youth Development Center, but that request has been abandoned in Appellant's brief because he is no longer in placement at that facility. We consider, then, whether Appellant can demonstrate that any of the three exceptions to the mootness doctrine apply here.

A prisoner's release from incarceration does not moot a prisoner's claim in litigation if he can show collateral consequences. *United States of America v. Kissinger*, 309 F.3d 179, 181 (3rd Cir. 2002) (challenged act was the probation condition limiting petitioner's ability to travel and not the underlying conviction). In *Sibron v. New York*, 392 U.S. 40, (1968) the Supreme Court established a presumption of collateral consequences where a litigant challenges a criminal conviction. However, this presumption has not been extended to circumstances where the underlying conviction is not at issue. Where a petitioner chooses to attack only his sentence, and not the underlying conviction, the expiration of that sentence renders the case moot unless the petitioner can demonstrate that collateral consequences adequate to satisfy the case-or-controversy requirement. In this case, Appellant must

- 5 -

show collateral consequences arising from the court's placement post-hearing.

*See Kissinger*, 309 F.3d at 181. The United States Supreme Court has explained this requirement as follows:

> A number of disabilities may attach to a convicted defendant even after he has left prison, and the Court has recognized the standing of such persons to challenge the legality of their convictions even when their sentences have been served. . . . Nullification of a conviction may have important benefits for a defendant . . . but urging . . . the correction of a sentence already served is another matter.

*North Carolina v. Rice*, 404 U.S. 244, (1971).

Appellant has not alleged any collateral circumstances that create a continuing injury. Appellant does not argue anywhere in his brief that the court below erred in finding that he was in need of treatment, supervision, or rehabilitation. Appellant's challenge then is not to his adjudication but rather to the disposition that ordered his placement in a state facility. Since Appellant is no longer in placement at that facility, this Court is unable to enter any judgment or decree to which legal effect can be given.

Appellant also does not attempt to explain how this case involves a question of great public importance or even identify the issue of importance. He baldly asserts that despite no longer being placed at the facility in question, the manner and outcome of the adjudication hearing violated Appellant's due process rights. We reject Appellant's conclusory statements as an argument for an exception to mootness.

Accordingly, we dismiss the appeal as moot.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/15/2024