# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles J. Walsh, III, Laura Blau, and
Philadelphia Community Development
Coalition, Inc.

           v.

Teresa Isabella and 325 S. 18th Street,
LLC

Appeal of: 325 S. 18th Street, LLC

:
:
:
:
:  No. 1352 C.D. 2024
:
:  Submitted: May 12, 2026
:
:
:
:
:
:
:

BEFORE:   HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                        **FILED: June 16, 2026**

325 S. 18th Street, LLC (Appellant) appeals from the order entered by the Court of Common Pleas of Philadelphia County (Common Pleas) on October 2, 2024, through which Common Pleas dismissed as moot Appellant's "11th Motion to Terminate Philadelphia Community Development Coalition, Inc.'s [(PCDC)] Conservatorship" (11th Motion to Terminate). We affirm.

## I. BACKGROUND

This appeal marks the latest development in the decade-long dispute over a property located at 325 South 18th Street in Philadelphia (Property). As we previously recounted in another opinion addressing this situation:

On June 3, 2016, Charles J. Walsh, III, Laura Blau, and PCDC filed in Common Pleas a Petition for Appointment of a Conservator (Petition) under the Abandoned and Blighted Property Conservatorship Act, Act of November 26, 2008, P.L. 1672, No. 135, *as amended*, 68 P.S. §§ 1101-1120, commonly known as Act 135.[1] The subject of the Petition was a blighted building located [on the] Property. [Teresa] Isabella was the owner of the Property at the time the Petition was filed. On April 28, 2017, 18th Street LLC purchased the Property from Isabella for $1,000,000 and was granted intervenor status in the Act 135 proceedings.

[1] Walsh and Blau have not participated in the underlying Act 135 litigation or any related appeals since May 2017.

On May 17, 2017, Common Pleas granted the Petition and appointed PCDC as conservator of the Property. In September 2018, Common Pleas held a hearing on PCDC's Final Plan for Blight Remediation (Final Plan), which detailed how PCDC would restore the Property to comply with applicable municipal code requirements. On September 24, 2018, Common Pleas approved the Final Plan.

In the ensuing years, [Isabella and 18th Street LLC (the appellants)] filed a plethora of motions in Common Pleas in which they sought to, *inter alia*, terminate the Act 135 conservatorship, remove PCDC as conservator, and disqualify multiple trial judges involved in the case, which were denied. [The a]ppellants have filed [more than 20] appeals from those adverse rulings in both this Court and the Pennsylvania Supreme Court, which were unsuccessful. In 2021, [the a]ppellants also filed two actions against PCDC and various individuals in the United States District Court for the Eastern District of Pennsylvania asserting claims of conspiracy, which were dismissed. One of those actions proceeded to the United States Court of Appeals for the Third Circuit, which affirmed the dismissal of the matter. PCDC has since worked to remediate the property in accordance with the Final Plan.

*Walsh v. Isabella* (Pa. Cmwlth., Nos. 577 C.D. 2022, 624 C.D. 2022, 1166 C.D. 2022, 1235 C.D. 2022, 76 C.D. 2023, filed Dec. 23, 2024) (*Walsh I*), slip op. at 1-2, 2024 WL 5196043, at *1 (cleaned up). Common Pleas subsequently took additional actions to bring this matter to a close, including, *inter alia*, granting PCDC's "Motion to Approve the Sale of the Property 325 S 18th Street, Philadelphia, PA, 19103" (Sale Motion) on January 6, 2022, which authorized PCDC to sell the Property to OCF Holdings LLC or an affiliate thereof, and issuing a "Final Order" on October 7, 2022, which awarded costs and fees to PCDC and dictated the handling of the sale's proceeds. *Id.*, slip op. at 2-5, 2024 WL 5196043, at *1-*3.

Appellant nevertheless continued to challenge PCDC's conservatorship over the Property by repeatedly filing new, albeit substantially similar termination motions in Common Pleas. Eventually, Appellant filed its 11th Motion to Terminate on August 16, 2024, which Common Pleas dismissed as moot via its October 2, 2024 order. This appeal to our Court followed shortly thereafter.[1]

## II. DISCUSSION

On appeal,[2] Appellant's arguments can be distilled into two propositions: first, Appellant asserts that Common Pleas erred by dismissing the 11th Motion to Terminate, because Common Pleas had not issued a final order in this matter at that point and thus retained jurisdiction to address the merits of the 11th Motion to Terminate, despite the appeals that were then pending before our Court; and second, Appellant relatedly maintains that Common Pleas' October 2, 2024

---

[1] On January 29, 2026, we issued an order precluding Blau, Isabella, PCDC, and Walsh from filing briefs or otherwise participating in this appeal, due to their failure to file briefs in accordance with this matter's scheduling order. Com. Ct. Order, 1/29/26, at 1.

[2] Our review in this matter is limited to determining whether Common Pleas abused its discretion or committed an error of law. *Phila. Cmty. Dev. Coal., Inc. v. Fassett trustee for Fassett*, 312 A.3d 377, 385 n.11 (Pa. Cmwlth. 2024).

3

order, through which the 11th Motion to Terminate was dismissed as moot, was an interlocutory order that was appealable as of right.[3] Appellant's Br. at 24-27, 29-38.

Strictly speaking, we agree with Appellant that Common Pleas erred by dismissing the 11th Motion to Terminate on the basis of mootness. Common Pleas justified this dismissal by explaining that its October 7, 2022 order was final in nature and that, per Pennsylvania Rule of Appellate Procedure 1701, Appellant's request for relief via the 11th Motion to Terminate was moot because Appellant had already appealed that final order. Common Pleas Op., 10/25/24, at 2. This reasoning is partially inaccurate, however. Rule 1701(a) states that, generally speaking, "after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Thus, the default rule is that a trial court loses *jurisdiction* to make rulings once an appeal has been filed in the underlying matter. *Id.*[4] This loss of jurisdiction does not necessarily render a matter moot, however, as an active case or controversy usually still exists during the pendency of an appeal.[5]

---

[3] We note that portions of Appellant's brief contain argument regarding the merits of the 11th Motion to Terminate. *See, e.g.*, Appellant's Br. at 20-23, 27-29, 38-41. We decline to address this argument, as the only questions that are properly before us are the ones mentioned above in the body of this opinion, which directly address Common Pleas' dismissal of the 11th Motion to Terminate on the basis of mootness.

[4] This default rule is subject to several exceptions, including maintenance of the *status quo* and enforcement of existing orders, which are not relevant to this appeal. *See* Pa. R.A.P. 1701(b)-(b)(3).

[5] As we have previously explained:

> Generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Order of Police v. City of Phila.*, 789 A.2d 858 (Pa. Cmwlth. 2002). The existence of a case or controversy requires
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently

**(Footnote continued on next page…)**

4

Nevertheless, Common Pleas properly dismissed the 11th Motion to Terminate, because it did not have jurisdiction to consider it.[6] As already noted, Common Pleas issued what it characterized as a "Final Order" on October 7, 2022, which awarded costs and fees to PCDC and dictated the handling of the sale's proceeds. Common Pleas Order, 10/7/22, at 1-6. Importantly, this order *also* dictated that PCDC's conservatorship over the Property would terminate *automatically* once the sale proceeds had been properly distributed *and* mandated that any disputes over residual proceeds be resolved through a new action. *See id.* at 5-6. We agree with Common Pleas' characterization of this order as being final in nature, because it resolved all of the issues that remained at that juncture and foreclosed the potential for future litigation at the Common Pleas level on that specific docket.[7] *Id.*[8] Appellant filed a timely appeal of the Final Order, *see*

---

adverse parties so as to sharpen the issues for judicial resolution.

*Dow Chemical Co. v. U.S. Envt. Prot. Agency*, 605 F.2d 673, 678 (3rd Cir.1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990) (quotation omitted).

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (cleaned up).

[6] "Under [the] 'right for any reason' doctrine, a reviewing court has the authority to affirm a lower court's decision on any basis, so long as it is supported by the record." *Appeal of Clarke*, 316 A.3d 1095, 1104 (Pa. Cmwlth. 2024) (cleaned up).

[7] Appellant has asserted that the October 7, 2022 order was not final, because the Property's sale had yet to be fully consummated at that time, in alleged violation of the time limits established via Common Pleas' granting of the Sale Motion. *See* Appellant's Br. at 26-27; 11th Mot. to Terminate, ¶¶1-2. Appellant, however, has failed to present any evidence in support of this claim, rendering it nothing more than a speculative allegation that does not disprove the finality of Common Pleas' October 7, 2022 order.

[8] Our determination that the October 7, 2022 order was final in nature also serves to vitiate Appellant's second argument, because an order is interlocutory only in the event it is entered prior to a final order. *See H.R. v. Dep't of Pub. Welfare*, 676 A.2d 755, 758 (Pa. Cmwlth. 1996).

5

*generally Walsh I*, an action that stripped Common Pleas of jurisdiction to make any substantive changes to the rulings it had previously made in this matter. *See* Pa.R.A.P. 1701(a); *DeSantis v. Lenox Place Condo. Ass'n, Inc.*, 316 A.3d 1119, 1122 (Pa. Cmwlth. 2024); *Pa. Indus. Energy Coal. v. Pa. Pub. Util. Comm'n*, 653 A.2d 1336, 1344 (Pa. Cmwlth. 1995). Common Pleas therefore lacked jurisdiction to consider the 11th Motion to Terminate, because the relief sought therein was the extinguishment of PCDC's conservatorship over the Property, which if granted would have unmistakably altered Common Pleas' previous rulings regarding the conservatorship's propriety. Accordingly, Common Pleas did not err or abuse its discretion by dismissing the 11th Motion to Terminate, because it did not have jurisdiction to consider the 11th Motion to Terminate.

### III. CONCLUSION

In accordance with the foregoing analysis, we affirm Common Pleas' October 2, 2024 order.

_____
**LORI A. DUMAS, Judge**

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles J. Walsh, III, Laura Blau, and   :
Philadelphia Community Development   :
Coalition, Inc.   :
  :    No. 1352 C.D. 2024
              v.   :
  :
Teresa Isabella and 325 S. 18th Street,   :
LLC   :
  :
Appeal of: 325 S. 18th Street, LLC   :

## **O R D E R**

AND NOW, this 16th day of June, 2026, it is hereby ORDERED that the order entered by the Court of Common Pleas of Philadelphia County on October 2, 2024, is AFFIRMED.

 

 

**LORI A. DUMAS, Judge**